465 P.2d 585

James MERRITT, Appellant,

v.

WALTER POCOCK ASSOCIATES BRO-
KERS, INC., an Arizona cor-
poration, Appellee.

No. 9813.

Supreme Court of Arizona,
In Division.

Feb. 27, 1970.

Engdahl, Jerman, Butler & Estep, Phoe-
nix, for appellant.

Sheldon Mitchell and A. Alexander
Katz, Phoenix, for appellee.

HAYS, Justice.

Appeal was taken from a summary judg-
ment entered in the Superior Court in fa-
vor of the plaintiff-appellee, Walter Po-
cock Associates Brokers, Inc., and against
the appellant-defendant, James Merritt.
For the reasons stated below, we reverse.

The issue on appeal is whether or not
there is a genuine issue of material fact
existing in this lawsuit which forecloses
the granting of a motion for summary
judgment.

On the basis of the pleadings, deposi-
tions and the memoranda filed on the sum-
mary judgment motion, the facts material
to this appeal are as follows: A real estate
agent working for Walter Pocock Asso-
ciates Brokers, Inc. (hereinafter referred
to as Pocock) was approached by a man
and wife named Bateman for the purpose
of securing investment property. The
agent, believing James Merritt to be the
owner of an apartment building which fit-
ted the Bateman's needs, asked him for a
listing. Subsequently, Merritt signed an
agency listing which set forth the terms of
the sale and provided for an $8,000 bro-
ker's commission to be paid by the seller.
Contemporaneously Merritt also signed a
purchase contract containing the same
terms as the listing. Thereafter, Merritt
signed escrow instructions which reflected
that other persons or firms had an interest
in the property along with Merritt.

Merritt contends that the real estate agent was made aware of the joint ownership of the property at the inception of the negotiations. He indicated in his deposition that the listing and contract were by previous oral agreement to be effective only if the approval of the other owners of the property was secured.

Pocock urges that it is entitled to the commission by way of summary judgment even though the agent was aware of the additional owners; that the listing and contract are clear on their face and cannot be varied or negated by parol evidence. Pocock concedes for the purposes of summary judgment that certain oral conditions may have been discussed but since they cannot be admitted in evidence at trial, it contends there is no issue of fact.

The trial court granted Pocock's motion and entered judgment against Merritt. Because there was a genuine issue of material fact we reverse.

The issue which must be submitted to a trier of fact is whether or not there was an oral agreement between the parties to the effect that the listing agreement required the approval of all the owners before it became effective. Proof of such a condition precedent is clearly not a violation of the Parol Evidence Rule since it is not introduced to vary the terms of the writing but rather is intended to show that the contract never came into existence. Note the rule as restated by this Court in United States Fidelity and Guaranty Co. v. Olds Bros. Lbr. Co., 102 Ariz. 366, 430 P.2d 128 (1967):

"It is firmly established that where an agreement is reduced to writing in such terms as to express a complete contract, evidence of a contemporaneous oral agreement relating to the same subject matter, varying, contradicting or enlarging the written agreement, is inadmissible, in the absence of an allegation of fraud or mistake. (Citing cases).

The parol evidence rule, stated above, is not applicable, however, where there is no integration of the agreement or contract. It may be proven by parol evidence, therefore, that a writing was never executed or delivered as a contract. (Citing cases). Accordingly, a party may show by parol either that the contract, although signed by him, was never delivered or that there was merely a conditional delivery and that the condition has failed. Mapes v. Santa Cruz Fruit Packing Corp., 26 Wash.2d 145, 173 P.2d 182. 'In so doing, the written terms of the contract are not varied by parol but the showing made is merely to the effect that the contract was never completely executed.' Chicago Title and Trust Co. v. Cohen, 284 Ill.App. 181, 1 N.E.2d 717, 723." 102 Ariz. at 368–369, 430 P.2d at 130–131.

This rule is wholly consistent with the Restatement of Contracts, § 241, wherein it is stated:

"Where parties to a writing which purports to be an integration of a contract between them orally agreed, before or contemporaneously with the making of the writing that it should not become binding until a future day or until the happening of a future event, the oral agreement is operative if there is nothing in the writing inconsistent therewith."

In Elson Development Co. v. Arizona Savings & Loan Assoc., 99 Ariz. 217, 407 P.2d 930 (1965), we said that on a motion for summary judgment the trial court

"* * * does not try issues of fact, but only determines whether the same are genuine and in good faith disputed. * * * A motion for summary judgment is granted erroneously if on an examination of the entire record it is found that any disputed fact issue exists which could, if true, affect the final judgment." 99 Ariz. at 220, 407 P.2d at 932.

In the recent decision of Boozer v. Arizona Country Club, 102 Ariz. 544, 434 P.2d 630 (1967), we further held that if the material facts, although not in dispute, are uncertain, a summary judgment is improp-

**394**

er. We therein quoted from Kirkpatrick v. Consolidated Underwriters, 227 F.2d 228 (4th Cir. 1955):

"It (summary judgment) should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. * * * And this is true even where there is no dispute as to the evidentiary facts in the case, but only as to the conclusions to be drawn therefrom." 102 Ariz. at 548, 434 P.2d at 634.

The judgment of the Superior Court is reversed and the cause is remanded for trial.

UDALL and McFARLAND, JJ., concur.