534 P.2d 741
B. C. WATTS, Appellant,

v.

Orville E. HOGAN, Elizabeth Hogan, Kenneth E. Stewart and Audrey L. Stewart, Appellees.

No. 11713.

Supreme Court of Arizona,
In Division.

May 7, 1975.

G. H. Ladendorff, Phoenix, for appellant.

Renaud, Cook, Miller & Cordova, P.A. by Joseph B. Miller, Phoenix, for appellees.

HAYS, Justice.

The appellant, B. C. Watts, filed an action against the appellees to recover a real estate commission. Watts alleged that Watts Realty Company, of which he is assignee of the claim, obtained a purchaser who was ready, willing and able to purchase real property in which the appellees had an interest. The appellees contended that a binding contract never existed because of the failure of a condition precedent. Both parties moved for summary judgment. The motion of the appellees was granted and this appeal was taken by Watts.

Watts and Hogan had discussed the possibility of selling a parcel of land. Watts found an interested buyer and eventually a "Purchase Contract and Receipt" was signed by Watts, the buyer, the Hogans, and the Stewarts. This was the only written instrument ever signed. As part of the contract, there was the following provision above the appellees' signatures:

"I (or we) agree to sell the above described property on the terms and conditions herein stated, and agree to pay the above mentioned Broker as commission the sum of 10% of purchase price . . ."

Other parties had an interest in the realty besides the Hogans and the Stewarts. They were not signatories to the contract. The issues are whether or not there was an oral agreement to the effect that the approval of all of the owners of the property was required before the contract became effective and whether the entry of summary judgment for the appellees was appropriate.

All parties having an interest in the land to be conveyed must sign the instrument of conveyance. A.R.S. § 33–401. It is conceded that all of the interested parties in this case did not sign the purchase contract. The appellant contends, however, that he earned his commission as a broker when he secured a ready, willing and able buyer of the property, that this was not subject to any condition, and that parol evidence is inadmissible on the point.

The appellees concede that they signed the contract but contend that its effect was conditional upon obtaining the signatures of the other four people. To allow proof of such a condition precedent is not a violation of the parol evidence rule since it is not introduced to amend the terms of the contract, but to show that contract never came into existence. Merritt v. Walter Pocock Associates Brokers, Inc., 105 Ariz. 392, 465 P.2d 585 (1970); United States Fidelity & Guaranty Co. v. Olds Bros. Lumber Co., 102 Ariz. 366, 430 P.2d 128 (1967). As pointed out in Merritt v. Walter Pocock Associates Brokers, Inc., *supra*, this rule is consistent with the Restatement of the Law of Contracts § 241 which states that if there is an oral agreement that a writing is not binding upon the parties until a future time, the oral agreement is operative unless inconsistent with the written agreement.

Statements in the appellant's briefs that he did not know of the other parties with an interest in the land are contradicted by his own deposition testimony. Watts testified that at the time the contract was delivered to him by Hogan with the signatures of the appellees, the report of the title company had become available which gave the names of the other interested parties. He testified further that he knew it was the law of Arizona that all such parties must sign the instrument of conveyance. This supports the affidavits submitted by the appellees in support of their motion for summary judgment of their understanding that the contract would not be, nor could it be, an effective instrument until the other parties

signed. If an agreement is made subject to the consent of an additional party, it must be viewed as conditional and if the consent is not given, the agreement is not binding. Management Clearing, Inc. v. Vance, 106 Ariz. 95, 471 P.2d 707 (1970). Unless the conditions are met and there is a binding contract, the broker cannot recover his commission. Management Clearing, Inc. v. Vance, *supra*.

The statute of frauds provides that an agreement authorizing or employing a broker to purchase or to sell real property for a commission must be in writing. A.R.S. § 44–101(7). This has been the law in Arizona since 1913.

■■ An individual may become liable to a broker for the latter's commission in circumstances in which the individual does not even own the property if there is a written agreement to that effect. Diamond v. Chiate, 81 Ariz. 86, 300 P.2d 583 (1956). However, the portion of the contract which provides for the commission in this instance is an integral part of the purchase contract and not divisible as creating separate liability of the signatories although the contract failed.

■ Summary judgment is appropriate if no genuine issue of material fact has been raised and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Rules of Civil Procedure, 16 A.R.S.; City of Phoenix v. Space Data Corp., Ariz., 534 P.2d 428 (1975). Where facts are set forth in support of the motion which are not controverted by the opposing party, they are presumed to be true because, while the burden is on the movant, the opposing party cannot fail to urge his argument. Eastwood Electric Co. v. R. L. Branaman Contractor, Inc., 102 Ariz. 406, 432 P.2d 139 (1967). The response must set forth specific facts. Rule 56(e), Rules of Civil Procedure, 16 A.R.S. The affidavits of the appellant do not meet these criteria. No conclusion can be drawn but that the contract was to become effective when all the parties signed; this condition precedent did not come to pass. There-

fore, the appellant was not entitled to a commission.

Judgment affirmed.

CAMERON, C. J., and STRUCKMEYER, V. C. J., concur.