549 P.2d 178

**George J. ZAPPANTI and Eugenia Zappanti, his wife, Appellants,**

v.

**BERGE SERVICE CENTER, dba Berge Mazda, Appellee.**

No. I CA-CIV 2916.

Court of Appeals of Arizona,
Division 1,
Department B.

May 4, 1976.

Atmore Baggot, Phoenix, for appellants.

Johnson Shelley & Roberts by Richard G. Johnson, Jr., Mesa, for appellee.

## OPINION

SCHROEDER, Judge.

This case arises from the sale of a specially reconstructed vehicle by the appellee, Berge Service Center, to the appellants, George J. Zappanti and his wife, who were plaintiffs below. Plaintiffs brought this action claiming damages in the amount of $800 for breach of an alleged express warranty. The issue is whether use of the year "1969" on the seller's window sticker and in the contract documents constituted an express warranty that the components of the vehicle were 1969 model year components.

The case came before the trial court on cross motions for summary judgment, and the trial court entered summary judgment in favor of the defendant. In view of the uncontradicted affidavits of the defendant that the year referred to the year of reconstruction, and the absence of any showing of contrary trade usage by the plaintiffs, we affirm the decision of the trial court.

Plaintiffs purchased the vehicle in question from the defendant, a car dealer, in September of 1972. Mr. Zappanti had previous experience in the field of auto mechanics and had prior to this purchase considered constructing his own "dunebuggy." He decided instead to purchase this vehicle from defendant.

The vehicle, as it was displayed on defendant's lot, had a window sticker which stated that it was a 1969 model. Plaintiff executed a purchase money security agreement which was filled out by defendant's employee. The agreement described the vehicle as a "1969 Volkswagen Dunebuggy." The record reflects no oral discussions between defendant and plaintiffs concerning the age of the vehicle. Plaintiffs do not allege any fraud in this transaction.

After his purchase, Mr. Zappanti examined the car and discovered that the component parts were from Volkswagen models for years earlier than 1969. For purposes of the motions for summary judgment and this appeal, it is not disputed that

the major components of the vehicle were from Volkswagen models of 1967 and earlier vintage. Plaintiff then filed this action.

The parties agree that the vehicle which plaintiff purchased was specially reconstructed from Volkswagen components. Unlike conventional Volkswagens or other mass produced vehicles, such reconstructed vehicles have no model year assigned by the manufacturer. The uncontradicted affidavits of the defendant reflect that this car had been traded in to the defendant by a prior purchase; that the defendant accepted the trade-in as a 1969 vehicle; and that the vehicle came to Arizona from Michigan where it had previously been licensed as a 1969 vehicle. In accordance with Michigan statutory requirements, the vehicle for title purposes was described as being of the model year in which the car was reconstructed. Mich.Stats.Ann. § 9.-1917 and 9.1918. The affidavits presented by the defendant further reflect that while Arizona has no special statute with respect to the model year of reconstructed vehicles, the practice of the Arizona Highway Department, Motor Vehicle Division, is similar to Michigan's in that the year for title purposes is the year of reconstruction, without regard to the model year of the component parts. The Motor Vehicle Division's affidavit further stated that when a car has previously been titled in another state, Arizona accepts the year shown on the foreign title.

Plaintiffs urge that these matters are irrelevant, and that as a matter of law the statements with respect to year must be interpreted as express warranties as to the model year of the components. Plaintiffs rely heavily upon *Lufty v. R. D. Roper & Sons Motor Co.*, 57 Ariz. 495, 115 P.2d 161 (1941) and other cases holding that, with respect to conventional vehicles, it is the model year assigned by the manufacturer which is controlling, and not the year in which the car was actually manufactured. Such cases, however, merely recognize the practical fact that a conventional vehicle

may, for example, be a 1975 model, even though its component parts were manufactured in earlier years. These cases have no application to specially reconstructed vehicles which, as discussed above, present peculiar problems because they are individually assembled from component parts of different model year vehicles.

■ Assuming that the defendant in this case did in fact give an express warranty by describing the vehicle as "1969," the relevant question is the contractual meaning of that warranty. Under our statutes, commercial agreements should be read in the light of trade practices and other circumstances, A.R.S. § 44–2212. That provision is taken from § 1–205 of the Uniform Commercial Code. Official Comment 1 to U.C.C. § 1–205 states:

"This Act rejects both the 'lay-dictionary' and the 'conveyancer's' reading of a commercial agreement. Instead the meaning of the agreement of the parties is to be determined by the language used by them and by their action, read and interpreted in the light of commercial practices and other surrounding circumstances. The measure and background for interpretation are set by the commercial context, which may explain and supplement even the language of a formal or final writing."

■ While plaintiffs contend that the affidavits with respect to vehicle title practices are not conclusive as to contractual dealings, plaintiffs have not offered any controverting affidavits reflecting a contrary trade usage, nor have they presented any sound legal or practical basis for holding as a matter of law that the defendant warranted that the components of the vehicle were 1969 components. In view of the acknowledged material differences between specially reconstructed vehicles and conventional vehicle models, the absence of any express statements relating to the model year of the *components* of this vehicle, and in the further absence of any showing of trade usage supporting the po-

sition of the plaintiffs, there is no disputed material issue of fact. The summary judgment for defendant must be affirmed. *Watts v. Hogan,* 111 Ariz. 536, 534 P.2d 741 (1975); *Choisser v. State of Arizona,* 12 Ariz.App. 259, 469 P.2d 493 (1970); *Pitzen's Wig Villa v. Pruitt,* 11 Ariz.App. 332, 464 P.2d 652 (1970).

It is not necessary for us to reach the additional grounds for affirmance urged by defendant which relate to whether any express warranties were a part of the contract at all since we conclude that, to the extent there were express warranties, they did not pertain to the age of the components.

Affirmed.

JACOBSON, P. J., and WREN, J., concur.