## SULLIVAN v. HOOVER.

### Civ. A. No. 34600.

District Court of the United States for the District of Columbia.

April 3, 1947.

William C. DeLacy, of Washington, D. C., for plaintiff.

Russell Hardy, of Washington, D. C., for defendant.

MORRIS, District Judge.

■ This cause came on for hearing upon plaintiff's motion for summary judgment as to part of first counterclaim and all of second counterclaim, and motion to strike second defense filed by defendant. The motion for summary judgment as to part of the first counterclaim is denied pursuant to ruling by this Court through Mr. Justice Goldsborough on a motion with respect to the same counterclaim in the original answer. The purpose of the present motion is to preserve the right of the plaintiff with respect to said counterclaim as set up in the amended answer.

■ The second counterclaim seeks a judgment against the plaintiff for the same matters asserted in the second defense in the amended answer. There is no serious question that the relief sought in the second counterclaim would be barred by the Statute of Limitations, unless that statute is tolled by the filing of this action, in which the plaintiff seeks relief against the defendant. It is my view that the statute is tolled in so far as such matters so asserted may be used in defense to prevent or reduce a judgment in favor of the plaintiff against the defendant. For that reason, the motion to strike the second defense is denied.

■ ■ It is my view that a counterclaim is barred by the Statute of Limitations in the same manner as would be a separate action based on the asserted facts, except as the same comes within the principles allowing recoupment to be used as a defense. To that extent, it is permitted here by way of defendant's second defense in the amended answer. I do not consider that Rule 13(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, has application to a counterclaim that is barred by the Statute of Limitations; nor do I agree with defendant's counsel that the case of Bull v. United States, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421, which was grounded upon the peculiar procedures applicable to the enforcement of the tax laws of the United States and to redress for the wrongful collection of taxes, has application to the general law of affirmative relief by coun-

terclaim. The case of Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265, seems to support the view here taken. This view is further supported by the Commentary in Volume 3, Federal Rules Service, page 688, in annotations in 16 A.L.R. 326 and 73 A.L.R. 575, and discussion in 34 American Jurisprudence 59, Section 64. There is no doubt that the matters asserted in the second counterclaim arose out of the transactions upon which plaintiff seeks judgment. As stated, the claims of the defendant may be used as a shield to prevent or reduce recovery notwithstanding the Statute of Limitations. They cannot, in the view I take, be used as a sword to accomplish a recovery against the plaintiff over and above plaintiff's claim where it is barred, as here, by the Statute of Limitations. The motion for summary judgment on the second counterclaim is granted.