289 So.2d 451 (1974)
Make GILLIS and Wife, Eula Gillis, Appellants,
v.
FISHER HARDWARE COMPANY, a Florida Corporation, Appellee.
No. T-110.
District Court of Appeal of Florida, First District.
February 12, 1974.
*452 Gerry W. Gerde, Davenport, Johnston, Harris & Gerde, Panama City, for appellants.
E. Allan Ramey, Andrews & Miller, De Funiak Springs, for appellee.
SPECTOR, Judge.
On August 5, 1969, appellants and appellee entered into an agreement whereby the latter sold appellants a "home improvement" package and secured payment thereof by a mortgage executed by appellants covering their residence. On May 20, 1971, appellee instituted a suit to foreclose the mortgage because appellants had failed to make the required payments.
Appellants answered asserting various defenses, among which was the appellee's failure to comply with the Federal Consumer Protection Act of 1968. Appellants further counterclaimed on the grounds that appellee had failed to comply with the Federal Consumer Protection Act and prayed for the maximum damages provided under that Act.
The lower court entered a partial summary judgment in favor of appellee holding that the Consumer Credit Protection Act was not applicable and denied appellants' motion for summary judgment.
Appellants then took this interlocutory appeal contending first that the lower court erred in denying their motion for summary judgment based upon appellee's noncompliance with the Consumer Credit Protection Act. Secondly, it is contended that the lower court erred in holding that the statute of limitation contained in the Act had run.
As to appellants' first point, they contend that appellee failed to properly notify appellants of their right to rescind the contract under Title 15, U.S.C.A. § 1635 and 12 CFR 226.9 (Regulation Z) issued pursuant thereto. We agree with the trial court that there was sufficient conflicting evidence as to the circumstances involving the notice of the right to rescind so as to deny a motion for summary judgment based thereon. Although appellants claim that they never received the notice and the signatures contained thereon were forgeries, appellee's depositions show that notices were always mailed to customers and that a notice to appellants had been mailed. It appears therefore that there is a justiciable question of fact on this issue.
We also agree with the lower court that the one year limitation on actions contained in Title 15, U.S.C.A. § 1640(e) is applicable in the instant case. Section 1640(e) provides that an action must be brought within one year from the date of the occurrence of the violation. It is obvious that the instant suit on counterclaim was initiated more than a year from the date the agreement was entered into.
We would also point out that under Title 15, U.S.C.A. § 1610(d), failure of creditor to properly notify a consumer of his right to rescind cannot affect the validity or enforceability of any contract or obligation but rather the consumer is limited to the remedy provided in the Act. Therefore, the defense based on the Consumer Protection Credit Act cannot stand.
For the foregoing reasons, we dismiss the interlocutory appeal herein without prejudice to appellants' right to assert any rights they may have under Florida's Retail Installment Sales Acts found in Chapter 520, Florida Statutes, F.S.A.
Interlocutory appeal dismissed.
RAWLS, C.J., and WIGGINTON, JOHN T., Associate Judge, concur.