541 P.2d 385

W. J. KROEGER CO., an Arizona
Corporation, Appellant,

v.

The TRAVELERS INDEMNITY COMPANY,
a Corporation, Appellee.

No. 12016.

Supreme Court of Arizona,
In Division.

Oct. 3, 1975.

Peter A. Neisser, Phoenix, for appellant.

Burch, Cracchiolo, Levie, Guyer & Weyl, by Joseph L. Moore and Michael E. Bradford, Phoenix, for appellee.

HAYS, Justice.

The court has jurisdiction of the instant case pursuant to Rule 47(e)(5), Rules of the Supreme Court. The appeal is from a summary judgment granted to The Travelers Indemnity Company (Travelers) on its motion on the counterclaim of W. J. Kroeger Company (Kroeger).

Kroeger was a wholesale and retail distributor of farm equipment for resale to farmers. Travelers is an insurance company. On August 17, 1971, Travelers filed a complaint contending that Kroeger had entered into a contract of insurance with Travelers on October 1, 1966, with respect to which there remained due, owing and unpaid a premium of $2925.88. Kroeger answered admitting the existence of an insurance policy, but denying its specific provisions because of the loss or destruction of its records. Kroeger also alleged as a setoff and counterclaim that a claim under the policy had been incurred on December 1, 1966, and refused by Travelers in the amount of $2318.80. Travelers filed a motion for summary judgment on the counterclaim which motion was granted by the trial judge. Kroeger now appeals.

By its motion, Travelers put into issue the existence of the insurance policy, the contents of which were denied in effect as unknown by Kroeger. Travelers put into the record a copy of the insurance policy from its business records attested to by its agent under oath at his deposition. An accompanying affidavit is not specifically required. Rule 56(a), (c), Rules of Civil Procedure. Kroeger denied the validity of the contract because its own copy was lost or destroyed. However, the counterclaim and setoff of Kroeger is premised on an insurance policy having been issued. The deposition of Kroeger makes clear that a policy was obtained approximately October 1, 1966, from the deposed agent of Travelers. The paragraph on which Travelers based its motion was standard for the type of policy according to the deposition of the same agent.

█ If the moving party on a motion has made a prima facie showing that no genuine issue of material fact exists, the opponent of the motion has the burden to produce sufficient evidence that there is indeed an issue. *Dobson v. Grand Internat'l Brotherhood of Locomotive Engineers,* 101 Ariz. 501, 421 P.2d 520 (1966). Where the facts set forth in support of the motion are not controverted by the opposing party, they are presumed to be true. *Watts v. Hogan,* 111 Ariz. 536, 534 P.2d 741 (1975). The opposing party cannot fail to press his argument and defeat the motion by a simple contention that an issue of fact exists; he must show that evidence is available that would justify a trial. *Dobson v. Grand Internat'l Brotherhood of Locomotive Engineers, supra.*

█ We find that Travelers made its prima facie showing on the issue of the existence and contents of the insurance contract and that Kroeger did not meet its burden.

█ Kroeger failed to bring an action against Travelers for the refusal of Kroeger's claim made pursuant to the insurance policy until Kroeger filed its answer, setoff and counterclaim in the present case. Travelers relies upon the following paragraph from the policy in its motion:

"Suit—No suit, action, or proceeding for the recovery of any claim under this

Supplemental Contract shall be sustainable in any court of law or equity unless the same be commenced within 12 months next after discovery by the Insured of the occurrence which gives rise to the claim, provided however, that if by the laws of the State within which this Supplemental Contract is issued such limitation is invalid, then any such claims shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such State."

A.R.S. § 20–1115 provides that no insurance policy operative in this state shall contain a condition limiting the time within which an action may be brought to a period of less than two years for this type of policy. The policy at issue provided that an action must be commenced within 12 months after the discovery of the occurrence giving rise to the action or "within the shortest limit of time permitted by the laws" of Arizona. The one-year limitation would be void as contrary to the statute. Travelers argues that by its language, the policy invoked the two-year limitation. Kroeger argues that the entire provision is voided by the one-year limitation and therefore the applicable statute is A.R.S. § 12–548 providing for a six-year statute of limitation for a suit on a contract in writing on a debt. The answer and counterclaim was filed more than four years after the incident giving rise to the claim.

Paragraphs in insurance policies similar to the one at issue in this suit have been the subject of previous litigation in this state. E.g., First Security Bank v. Fireman's Fund Insurance Co., 12 Ariz.App. 476, 472 P.2d 87 (1970); Wells-Stewart Construction Co. v. General Insurance Company of America, 10 Ariz.App. 590, 461 P.2d 98 (1969). This is not an uncommon provision in a common insurance policy subject to the laws of different states. We hold that Travelers by the language of its policy intended to incorporate the two-year statute of limitation.

Furthermore, A.R.S. § 20–1118 provides that an insurance policy otherwise valid containing a condition not in compliance with Title 20, Insurance, shall not be invalid but shall be construed in accord with such conditions as would have applied had the policy been written in compliance with Title 20. Pursuant to A.R.S. § 20–1118, the two-year statute of limitation would be the applicable statute and not A.R.S. § 12–548. The time limit set by A.R.S. § 12–548 is a general one for a written contract on a debt. If a more specific time limit is established by a statute applicable to the particular contract at issue, the more specific provision governs.

Kroeger contends that the paragraph is also void because the time limits set begin to run when the occurrence giving rise to the claim is discovered and not when the cause of action accrues. However, the policy in referring to the statute says clearly that if the one-year limitation is invalid, "any such claim shall be void unless such *action, suit or proceeding* be commenced" within two years. The language of the policy is like that of the statute. The contention is without merit.

Kroeger next urges that if its claim would be barred originally by the statute of limitations, the claim remains valid as a setoff or as a counterclaim.

A counterclaim or setoff is a cause of action in favor of the defendant on which he might have brought a separate action against the plaintiff and recovered a judgment. *Valley Gin Co. v. McCarthy*, 56 Ariz. 181, 106 P.2d 504 (1940). The principle did not exist at common law but is solely statutory. *Valley Gin Co. v. McCarthy, supra.* If one is not entitled to relief in a direct action, one is not entitled to assert a setoff or counterclaim. *Scoville v. Vail Investment Co.*, 55 Ariz. 486, 103 P.2d 662 (1940). If a claim would be barred originally by a statute of limitation, it is barred as a counterclaim even if it arises from the same transaction except as it falls within the principles of recoupment. *Light v. Chandler Improvement Co.*, 33 Ariz. 101, 261 P. 969 (1928); *Stone v. White*, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265 (1937); *DeVito v. Hoffman*, 91 U.S.App.D.C. 263,

199 F.2d 468 (1952) ; *Sullivan v. Hoover,* 6 F.R.D. 513 (D.D.C.1947). Recoupment is an equitable doctrine and, therefore, the claim of the defendant can be used to reduce or to eliminate a judgment, but it cannot be used for purposes of affirmative relief. *Light v. Chandler Improvement Co., supra; Sullivan v. Hoover, supra;* 1A Barron & Holtzoff (Wright, ed.), Federal Practice and Procedure, Rules edition, § 401, § 402.

The order of the trial court granting summary judgment is vacated and this case remanded for proceedings on the claim of Kroeger that the equitable doctrine of recoupment should be applied here.

HOLOHAN, J., and NELSON, Court of Appeals Presiding Judge, concur.

Note: Vice Chief Justice FRED C. STRUCKMEYER, Jr., did not participate in the determination of this matter. Presiding Judge GARY K. NELSON, Department C, Court of Appeals, sat in his stead.