582 P.2d 642

**NOGALES SERVICE CENTER, formerly known as Nogales Truck Terminal, Inc., an Arizona Corporation, Appellant,**

v.

**ATLANTIC RICHFIELD COMPANY, a Pennsylvania Corporation, Appellee.**

**No. 2 CA–CIV 2772.**

Court of Appeals of Arizona, Division 2.

April 11, 1978.

Rehearing Denied May 17, 1978.

Review Denied June 13, 1978.

Molloy, Jones, Donahue, Trachta & Childers, P. C. by Michael J. Meehan, Tucson, for appellant.

Lesher, Kimble & Rucker, P. C. by Robert O. Lesher, Tucson, for appellee.

## OPINION

RICHMOND, Chief Judge.

This is an appeal from a partial summary judgment of foreclosure entered during the pendency of appellant's counterclaim, and from dismissal of three counts of the counterclaim asserting federal antitrust claims. Judgment was entered pursuant to 16 A.R.S. Rules of Civil Procedure, Rule 54(b). We find no error and affirm.

In 1969, Atlantic Richfield Company (Arco), a refiner and marketer of petroleum products, loaned $300,000 to appellant for construction, supply and operation of its truck and automobile service station facility in Nogales. Appellant executed and delivered a promissory note, secured by realty mortgage, and a security agreement covering appellant's inventory and accounts receivable. On the same date the parties entered into a product agreement requiring appellant to purchase not less than 50 percent of all of its fuel requirements from Arco for a term of 15 years. Arco subsequently perfected its security interest in the inventory and accounts receivable.

In early 1973 an additional $100,000 was loaned to appellant by Arco. Appellant executed and delivered another promissory note.

In 1976 Arco commenced this action, alleging in separate counts that the promissory notes were subject to acceleration because payments were delinquent, and seeking foreclosure of the mortgage and delivery of the personal property and accounts receivable covered by the security agreement.

In its answer, appellant alleged that its obligations to Arco were "subject to, reduced and eliminated by an offset in the amount and upon the claims pleaded" in an accompanying counterclaim. It further alleged that the loan agreement upon which Arco's claims were based was void and unenforceable, being in violation of the Arizona Antitrust Act. The first three counts of the counterclaim, which subsequently were dismissed by the trial court on Arco's motion, alleged violations of the Robinson-Patman Act and Sherman Act. The fourth count alleged violation of Arizona antitrust statutes, and the fifth count sought damages for breach of contract.

In the contract count, appellant alleged that in late June or July of 1972, Arco had induced appellant to borrow the $100,000 evidenced by the second promissory note for construction of major additions to its truck stop facilities by agreeing to certain discounts on diesel fuel, but that after delivery of appellant's promissory note in February 1973, Arco had failed and refused to establish the discounts. As a result, it alleged, appellant was unable to compete successfully with other retailers and had sustained damages in excess of $400,000. On deposition and at an evidentiary hearing on Arco's motion for partial summary judgment, William J. Terpening, appellant's president and a principal shareholder, admitted that the notes were delinquent but testified that he had computed damages of $890,000 as a result of Arco's breach of its agreement, based on appellant's profit margin per gallon and the projected gallonage it had expected to sell at competitive prices under the discount agreement.

This court recently held that a claim for unliquidated damages, absent some special equity in the pleader's favor,

**554**

will not avoid a judgment of foreclosure. *Nutter v. Occidental Petroleum Land and Development Corporation,* 117 Ariz. 458, 573 P.2d 532 (1977). Terpening's computation of appellant's damages based on projected gallonage does not render appellant's claim 'liquidated. *See Costanzo v. Stewart Title & Trust of Phoenix,* 23 Ariz. App. 313, 533 P.2d 73 (1975). The following language from *Nutter* seems equally applicable here:

"The situation between the parties is not such that justice cannot otherwise be done. In the absence of an allegation of [Arco's] insolvency or other special equity that would render it probable that the [appellant] would lose [its] demand and be compelled to pay the demand of [Arco], the general rule applies and the [appellant] cannot set off a personal demand for unliquidated damages against the mortgage debt."

573 P.2d at 534.

■ Appellant argues that in any event it has presented a defense of recoupment, precluding summary judgment whether or not its claim is liquidated. *W. J. Kroeger Co. v. Travelers Indemnity Co.,* 112 Ariz. 285, 541 P.2d 385 (1975). Recoupment is confined to the contract on which plaintiff sues, whereas setoffs generally include all mutual debts and liabilities. *Crow v. Mothers Beautiful Co.,* 115 Ga.App. 747, 156 S.E.2d 193, 194 (1967). Appellant has not alleged fraud in the inducement, which would preclude summary judgment on the secured promissory notes if supported by evidence raising material issues of fact. *See Light v. Chandler Improvement Co.,* 33 Ariz. 101, 261 P. 969 (1928). The alleged breach of contract and antitrust violations are extrinsic to the promissory notes and as such do not invoke the principles of recoupment.

Based on the foregoing, we find no abuse of discretion in the trial court's entry of judgment of foreclosure under Rule 54(b).

■ In its minute entry dismissing the federal antitrust claims, the court stated:

"The Court finds that the Motion to Dismiss is appropriate in the light of the case

of *Freeman v. Bee Machinery Company,* [139 U.S. 448, 63 S.Ct. 1146 (1943)] although the statement by the majority and minority opinions that 'actions under the Sherman Act are exclusively vested in the U.S. District Court' was not supported by any judicial reasoning, but apparently was based upon a casual reference to 15 USC, Paragraph 15 and the point raised by the Defendant that the Congressional history of the Act would not warrant such a statement was never considered by the Court. However, it would be an exercise in futility for this Court to fly in the face of the statement of both the majority and minority opinion in that case."

We are unable to gainsay the trial court. Although dictum in *Freeman,* the statement that state courts lack subject matter jurisdiction of actions for violation of the federal antitrust laws has since appeared in a number of cases decided by lesser federal courts. *See, e. g., State of Washington v. American League of Professional Baseball Clubs,* 460 F.2d 654 (9th Cir. 1972). Further, the record discloses that the identical claims were the subject of an action commenced by appellant and Terpening against Arco in United States District Court, which was pending at the time Arco commenced its action for foreclosure in superior court. We find no error in dismissal of the federal antitrust claims.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.