596 P.2d 36

**J. Robert GRANMO, Petitioner,**

v.

**SUPERIOR COURT OF the State of Arizona in and for the COUNTY OF PIMA, Jack T. Arnold, A Judge of said Court, and David E. Wallace, a single man, dba Rainbow Builders and Woodcrafters, real party in interest, Respondents.**

No. 2 CA–CIV 3202.

Court of Appeals of Arizona, Division 2.

March 26, 1979.

Rehearing Denied May 2, 1979.

Review Denied May 22, 1979.

Albert M. Schaeffer, Tucson, for petitioner.

Franklin & Feulner by George J. Feulner, Tucson, for respondent David E. Wallace.

## OPINION

HATHAWAY, Judge.

This special action seeks relief from an order denying petitioner's application for a provisional remedy, a writ of attachment describing a parcel of real property belonging to respondent Wallace. The writ was sought to secure payment of any judgment obtained by petitioner in cause number 176658, an action to collect the sum due and payable on a promissory note executed by respondent Wallace. Wallace's responsive pleading to petitioner's complaint admitted the execution of the note and the fact of non-payment. He also counterclaimed for wrongful garnishment.

The hearing on petitioner's application for a writ of attachment was held pursuant to A.R.S. § 12–2410. Subsection (C) provides:

"Any hearing on an application for any provisional remedy shall be limited to the following issues:

1. The probable validity of the applicant's claim or claims and any defenses and claims of personal property exemptions of the party against whom such provisional remedy will operate.

2. The existence of any statutory requirements for the issuance of any provisional remedies sought."

Subsection (D) provides that the court shall issue forthwith the remedy if, after hearing, it finds probable cause to believe the applicant's claim is valid and that the statutory requirements for any provisional remedy have been met.

There is no question that the statutory requirements for attachment had been met under A.R.S. § 12–1521(1), as amended, which provides for attachment as security for satisfaction of any judgment which may be recovered in an action upon a contract for payment of money, which is not fully secured by real or personal property. At the hearing below, Wallace admitted that the principal amount of the note and the interest thereon were unpaid. He claimed, however, that his counterclaim for wrongful garnishment and his claims in another lawsuit between the parties constituted defenses to petitioner's claim. The respon-

dent court apparently agreed with Wallace and denied petitioner's application for provisional remedy.

The first question to be decided is the nature of Wallace's claims and counterclaim. Recoupment is a defense growing out of the transaction constituting the plaintiff's claim for relief; it is available to reduce or satisfy the plaintiff's claim, but permits no affirmative relief. *Ness v. Greater Arizona Realty, Inc.*, 117 Ariz. 357, 572 P.2d 1195 (App.1977). A counterclaim or a setoff, on the other hand, is a cause of action in favor of the defendant on which he might have brought a separate action against the plaintiff and recovered a judgment. *W. J. Kroeger v. Travelers Indemnity Co.*, 112 Ariz. 285, 541 P.2d 385 (1975).

The record reflects Wallace's position was that he would ultimately be entitled to set off any judgments he might receive on his counterclaim for wrongful garnishment and on his claims based on fraud in the other pending lawsuit. A counterclaim in the nature of a setoff, in contrast with a recoupment, is not a defense which goes to the justice of the lender's claim; it is an affirmative action which claims damages for an independent wrong. *Hodges v. Community Loan & Investment Corp.*, 133 Ga.App. 336, 210 S.E.2d 826 (1974), modified on other grounds, 234 Ga. 427, 216 S.E.2d 274 (1975). We therefore hold that Wallace's claimed offsets did not constitute "defenses" to petitioner's claim under § 12–2410(C). The purpose of the Provisional Remedies Act, A.R.S. §§ 12–2401 to 12–2412, is to afford a defendant an opportunity to attack the validity of the plaintiff's claim before issuance of a prejudgment writ. Petitioner made the requisite showing that his claim was valid and that the statutory requirements had been met. The respondent court should have ordered issuance of a writ of attachment.

The order denying petitioner's application for a provisional remedy is hereby ordered vacated with directions to enter an appropriate order consistent herewith.

RICHMOND, C. J., and HOWARD, J., concur.