626 P.2d 1103

**AETNA FINANCE COMPANY, Plaintiff-Appellee,**

v.

**Joseph F. PASQUALI and Marcia Pasquali, his wife, Defendants-Appellants.**

No. 1 CA–CIV 4440.

Court of Appeals of Arizona, Division 1, Department C.

Jan. 20, 1981.

Rehearing Denied Feb. 25, 1981.

Review Denied March 24, 1981.

472

Abrams & Schenk by Alan P. Bayham, Jr., Ronald M. Horwitz, Marvin Schenk, Phoenix, for plaintiff-appellee.

Community Legal Services by John Schlosser, Roger W. Rea and Thomas T. Rapp, Phoenix, for defendants-appellants.

## OPINION

CONTRERAS, Judge.

In this case of first impression in Arizona, appellants seek review of the question of whether they may assert a recoupment defense under the Truth-In-Lending Act after the statute of limitations has run for affirmative claims under the Act. We hold that they may not, and therefore affirm the granting of summary judgment for appellee.

In April, 1976, appellants executed a promissory note payable to appellee. Appellants subsequently defaulted and appellee filed a complaint for the balance due on the note alone with costs and attorney's fees. Appellants' answer and counterclaim was filed on June 28, 1977, which was a period of more than one year after the note was executed.[1] As an affirmative defense and counterclaim, appellants alleged violations of the Truth-In-Lending Act (Act), 15 U.S.C. § 1601 *et seq.*, and, as a result of the alleged violations, sought to recover the sum of $1,000, costs, and attorney's fees. Appellee filed a successful motion for summary judgment on the ground that appellants admitted they were in default on the promissory note and on the additional ground that appellants' assertions by way of an affirmative defense and counterclaim were barred by the one-year statute of limitations of the Act.[2] Judgment was accordingly entered for appellee on its claim and appellants' counterclaim was dismissed with prejudice.

In reviewing the Act, we first note that its purpose is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). To this end, the Act provides for mandatory disclosure of standardized credit terms, §§ 1605, 1606, 1631–39, so that consumers may compare credit plans. The Act provides three enforcement mechanisms for violations: (1) administrative enforcement by federal agencies,

---

1. Appellants do not contend that the violation is a continuing one; rather, they concede that the violation occurred at the time the contract was executed—more than one year before they asserted the claim as an affirmative defense in this action.

2. 15 U.S.C. § 1640(e) provides:

    Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

§ 1604; (2) criminal liability for willful and knowing violation, § 1611; and (3) civil liability, § 1640. The civil liability provisions make a lender who violates the Act liable to the borrower for actual damages as well as twice the amount of the finance charge with a statutorily imposed minimum of $100 and a maximum of $1,000 plus costs and reasonable attorney's fees. In order to impose the civil liability provided by the Act, a civil action must be brought within one year of the date of the violation. § 1640(e).

Although appellants concede that the Act bars an affirmative claim for relief unless the claim is brought within the Act's one-year statute of limitations, they contend that their affirmative defense of equitable recoupment can be used to reduce or eliminate a possible judgment against them.

■ Under both federal and Arizona law, a statute of limitations is not a bar to a recoupment defense. *Stone v. White,* 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265 (1937); *Bull v. United States,* 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935); *W. J. Kroeger Co. v. Travelers Indemnity Co.,* 112 Ariz. 285, 541 P.2d 385 (1975); *Ness v. Greater Arizona Realty, Inc.,* 117 Ariz. 357, 572 P.2d 1195 (App.1977). A recoupment defense survives as long as plaintiff's claim can be asserted, even though defendant's claim would be barred by the statute of limitations if brought as an affirmative action. *Bull v. United States, supra; Ness v. Greater Arizona Realty, Inc., supra.* Therefore, if appellants' defense and counterclaim is in the nature of recoupment, it may be asserted as long as appellee's claim on the note survives.

■ Recoupment has been explained by the United States Supreme Court as "in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded." *Bull v. United States,* 295 U.S. at 262, 55 S.Ct. at 700, 79 L.Ed. at 1428; *accord, Rothensies v. Electric Storage Battery Co.,* 329 U.S. 296, 67 S.Ct. 271, 91 L.Ed. 296 (1946). The defense goes to the very existence and foundation of plaintiff's claim. *Pennsylvania R. Co. v. Miller,* 124 F.2d 160 (5th Cir. 1941),

*cert. denied,* 316 U.S. 676, 62 S.Ct. 1047, 86 L.Ed. 1750 (1942). In our opinion, the asserted defense *sub judice* did not arise from the existence or foundation of appellee's claim. It did not arise out of mutual obligations or covenants of the loan transaction upon which appellee's suit was founded. Although appellants' claim may have arisen contemporaneously with the execution of the contract, it is not a product of a breach of any obligation or covenant therein, nor is it directly coupled with the subject matter of appellee's claim. Rather, appellants' claim is predicated upon a specifically imposed statutory penalty which is an extrinsic by-product of the loan transaction and it is not dependent upon appellee's or appellants' contractual obligations. In sum, appellants' asserted defense does not go to the justness of appellee's claim, but is an affirmative action which exacts a penalty for an independent wrong. Therefore, appellants' defense is not in the nature of recoupment and thus is barred by the Act's statute of limitations. *Accord, Hewlett v. John Blue Employees Federal Credit Union,* 344 So.2d 505 (Ala.Civ.App.1976); *Hodges v. Community Loan & Investment Corp.,* 133 Ga.App. 336, 210 S.E.2d 826 (1974), *rev'd on other grounds,* 234 Ga. 427, 216 S.E.2d 274 (1975); Waggoner & Chapman, *Truth-in-Lending Statute of Limitations and Recoupment,* 31 Personal Finance L.Q. Report 76 (1977); *see Basham v. Finance America Corp.,* 583 F.2d 918 (7th Cir. 1978), *cert. denied,* 439 U.S. 1128, 99 S.Ct. 1046, 59 L.Ed.2d 89 (1979); *cf. Gillis v. Fisher Hardware Co.,* 289 So.2d 451 (Fla.App.1974) (a claim under the Act must be brought within one year); *Shaw v. First National Bank,* 143 Ga.App. 416, 238 S.E.2d 719 (1977) (a claim under the Act must be brought within one year); *Shannon v. Carter,* 282 Or. 449, 579 P.2d 1288 (1978), *cert. denied,* 439 U.S. 1090, 99 S.Ct. 873, 59 L.Ed.2d 57 (1979) (a recoupment defense is not allowed unless it would be unfair or unjust to hold otherwise).

We note that other jurisdictions have reached contrary results to that reached by us in the present case. *See, e. g., Household Finance Corp. v. Hobbs,* 387 A.2d 198 (Del.Super.Ct.1978); *Wood Acceptance Co.*

*v. King*, 18 Ill.App.3d 149, 309 N.E.2d 403 (1974); *Empire Finance Co. v. Ewing*, 558 S.W.2d 619 (Ky.App.1977); *Akron National Bank & Trust Co. v. Roundtree*, 60 Ohio App.2d 13, 395 N.E.2d 525 (1978).[3] These decisions are based largely on two often interrelated lines of reasoning: First, that the debtor's Truth-in-Lending claim arose at the same time as the creditor's claim on the note and thus the debtor's defense is in the nature of recoupment, and secondly, consideration of public policy of allowing debtors to recover from creditors who violate the Act. We cannot subscribe to the first of these bases for the reasons set forth above. As to the public policy consideration, we note that while Congress has given a right and remedy to consumers, it has also placed a specific time limit on when an action for that claim may be brought. In our opinion, adoption of the result here sought by appellants would seriously undermine the congressional mandate that such actions must be brought within the time specified. As in all statute of limitations problems, equity-minded judges are tempted to seek ways of relief for individual claimants. Nonetheless, we believe that to do so in this case would be an unwarranted extension of the judicial role and contrary to congressional intent and mandate.

In support of their position that the defense of recoupment should be recognized in this type of case, appellants argue that usually debtors do not become aware of violations of the Act until the debtor becomes delinquent, is sued by the creditor, and then consults an attorney. Appellants further argue that such awareness is frequently more than one year after the violation when a suit or counterclaim is barred by the Act's limitation period. Although this argument has a popular compelling thrust, we nonetheless conclude that since the debtor's claim has been fashioned by specific congressional enactment, it is for Congress to legislatively provide for a longer statute of limitations or to provide that the statute does not apply to claims made by way of defense.

The decision of the trial court granting appellee's motion for summary judgment and dismissing appellants' counterclaim with prejudice is affirmed.

OGG and JACOBSON, JJ., concur.

---

3. The United States Supreme Court has declined to rule on this issue. It has denied certiorari in appeals from decisions that have held that the counterclaim was barred, *see, e. g., Basham v. Finance America Corp.*, 583 F.2d 918 (7th Cir. 1978), *cert. denied*, 439 U.S. 1128, 99 S.Ct. 1046, 59 L.Ed.2d 89 (1979); *Shannon v. Carter*, 282 Or. 449, 579 P.2d 1288 (1978), *cert.* *denied*, 439 U.S. 1090, 99 S.Ct. 873, 59 L.Ed.2d 57 (1979), as well as in appeals from decisions that have allowed the counterclaim more than one year after the execution of the note, *see, e. g., Continental Acceptance Corp. v. Rivera*, 50 Ohio App.2d 338, 363 N.E.2d 772 (1976), *cert. denied*, 434 U.S. 857, 98 S.Ct. 180, 54 L.Ed.2d 129 (1977).