653 P.2d 15

Dallas DUHAMMEL, Sr., a single man, for himself and as next friend of his daughter, Debra Duhammel, a minor; Dallas Duhammel, Jr., a single man, Plaintiffs-Counter-defendants-Appellees,

v.

Thomas STAR, in his official capacity and individually, and Joan Star, his wife, Defendants-Counter-claimants-Appellants.

No. 1 CA–CIV 5347.

Court of Appeals of Arizona,
Division 1, Department A.

March 30, 1982.

Rehearing Denied April 29, 1982.

Review Denied Oct. 27, 1982.

William F. Hyder, P.C. by William F. Hyder, Sid A. Horwitz, Phoenix, for appellees.

McGroder and Tryon by G. Michael Tryon, David M. Heller, Phoenix, for appellants.

## OPINION

CORCORAN, Judge.

The question raised in this appeal is whether the filing of a complaint tolls the statute of limitations regarding a counterclaim that is brought after the applicable time period has expired. A brief factual and procedural history of this appeal is as follows:

On July 18, 1978, appellees were having a birthday party at their residence in Scottsdale, Arizona. Sometime that day appellant Thomas Star, a Scottsdale police officer, came to appellees' residence apparently in response to a noise complaint. Exactly what occurred at that time is in dispute, but appellees Dallas Duhammel, Sr., and his son were subsequently arrested.

On July 18, 1979, exactly one year later, appellees filed a complaint against appellants and others. The complaint alleged, among other things, false arrest, assault and battery, and civil rights violations, all stemming from the incident at appellees' residence. A first amended complaint was filed on August 2, 1979, which was substantially similar to the original complaint.

On August 23, 1979, appellants filed an answer and a counterclaim against appellees. The counterclaim alleged counts of libel, slander, intentional infliction of emotional distress, and invasion of privacy. According to the counterclaim, the basis for these allegations was that appellees made false statements of police brutality against appellant Thomas Star by leading a card-carrying demonstration around the Scottsdale City Council building on July 25, 1978, and by appearing before the Council on that date and verbalizing such accusations. The counterclaim also alleges further false accusations made against appellant Thomas Star by appellee Dallas Duhammel, Sr., to local newspapers on July 25 and 26, 1978.

In response to the counterclaim, appellees filed a motion for judgment on the pleadings pursuant to rule 12(c), Rules of Civil Procedure, arguing that because the counterclaim was filed more than one year after the allegations occurred, the counterclaim was barred by the statute of limitations.[1] The lower court granted appellees' motion and this appeal followed. We affirm the decision of the lower court.

■ Appellants first argue that where commencement of an action is within the statute of limitations, the filing of a compulsory counterclaim pursuant to rule 13(a) is not barred by the running of the statutory time thereafter, and cases are cited which uphold that general proposition. Although there is a split of authority regarding this question, the law in Arizona does not appear to support appellants' position. In *W.J. Kroeger Co. v. Travelers Indemnity Co.*, 112 Ariz. 285, 541 P.2d 385 (1975), our Supreme Court stated:

If a claim would be barred originally by a statute of limitation, it is barred as a counterclaim even if it arises from the same transaction except as it falls within the principles of recoupment.

112 Ariz. at 287, 541 P.2d at 387.

Similarly, Division 2 of the Court of Appeals has held that "[a] party is not entitled to a set-off or counterclaim unless he is entitled to relief in a direct action." *Ness*

---

1. Count II of the counterclaim also alleged a libel occurring on December 14, 1978. Since the counterclaim was filed timely with respect to that allegation, it is not the subject of this decision.

*v. Greater Arizona Realty, Inc.,* 117 Ariz. 357, 360, 572 P.2d 1195, 1198 (App.1977). The court then reiterated the principles regarding recoupment expressed in *W.J. Kroeger.*

This court has followed both *W.J. Kroeger* and *Ness* in *Aetna Finance Co. v. Pasquali,* 128 Ariz. 471, 626 P.2d 1103 (App. 1981). *Aetna Finance* held:

Under both federal and Arizona law, a statute of limitations is not a bar to a recoupment defense.... A recoupment defense survives as long as plaintiff's claim can be asserted, even though defendant's claim would be barred by the statute of limitations if brought as an affirmative action.

128 Ariz. at 473, 626 P.2d at 1105.

*W.J. Kroeger, Ness* and *Aetna Finance* leave little doubt that where a counterclaim is filed beyond the applicable statute of limitations it will be barred unless the counterclaim is in the nature of a recoupment, even if the counterclaim is a compulsory counterclaim.

However, appellants argue that an earlier case, *Tom Reed Gold Mines Co. v. Brady,* 55 Ariz. 133, 99 P.2d 97, 127 A.L.R. 905 (1940), supports their position that the filing of a complaint suspends the operation of the statute of limitations with regard to a counterclaim, and that since *Tom Reed* has not been overruled in subsequent cases it is the controlling authority. We do not agree. Although the court in that case did make a statement that, standing alone, might be interpreted to support appellants' position,[2] other language in the decision indicates a position consistent with the later cases. For example, the court stated that:

Of course defendant could not, after the statute had run, maintain an independent action against plaintiff for these wrongs. These same causes of action, however, it could use as *defensive instruments* when it was sued by plaintiff....

55 Ariz. at 139, 99 P.2d at 100 (emphasis added).

The court in *Tom Reed* also referred to defendant's claim as an "existing debt," and it appears quite clearly from a review of the facts of the case that the court was simply applying the recoupment principle. We do not find any conflict among these authorities.

Appellants, however, argue further and alternatively request us to treat the counterclaim as if it were a recoupment. Recoupment has been defined as "an equitable doctrine which can be used to reduce or eliminate a judgment, but not for affirmative relief." *Ness,* supra, 117 Ariz. at 360, 572 P.2d at 1198. The term describes a species of defense that oftentimes arises in an action in contract because of the violation of some duty. *Nogales Service Center v. Atlantic Richfield Co.* 119 Ariz. 552, 582 P.2d 642 (App.1978) ("[r]ecoupment is confined to the contract on which plaintiff sues, ..." 119 Ariz. at 554, 582 P.2d at 644.) 20 Am.Jur.2d. *Counterclaim, Recoupment, and Set-Off* § 1 at 228 (1965); 36A Words and Phrases, *Recoupment* (1962).

■ Clearly, recoupment is available only in a defensive as opposed to an offensive manner. In their counterclaim, appellants request affirmative relief, not merely a reduction of appellees' damages. The counterclaim contained four separate tort counts which do not fall within the principles of recoupment.

■ Counts I and II of the counterclaim deal with libel and slander which are governed by a one-year statute of limitations. A.R.S. § 12–541. With the exception of that portion of Count II that alleges a libel on December 14, 1978, Counts I and II were filed more than one year after the cause of action accrued, and the lower court was correct when it dismissed those counts.

■ Count III is an allegation of intentional infliction of emotional distress, which both parties concede is governed by a two year statute of limitation. A.R.S. § 12–

---

**2.** "If, ... a counterclaim or set-off is not barred at the commencement of the action in which it is pleaded, it does not become so afterward, during the pendency of that action...." 55 Ariz. at 139, 99 P.2d at 100.

542. Appellees argue that none of the acts alleged in the counterclaim rose to the level of outrageousness required to sustain this particular tort and, therefore, the lower court's order dismissing the counterclaim with respect to Count III should be upheld on that basis. Appellants contend that this argument was never raised before the trial court, which precludes it from being heard now. We note that appellees did raise this argument in the lower court in response to appellants' joinder in a motion for reconsideration. Moreover, we will affirm the lower court whenever the record supports any legal theory which will sustain the judgment. *In re Estate of Taylor,* 5 Ariz.App. 144, 424 P.2d 186 (1967).

■ In the alternative, appellants maintain that the acts complained of were sufficient to support their claim for emotional distress. We do not agree. As "society's conscience," the court has a duty in the first instance to examine the acts complained of to determine whether there are allegations of outrageous conduct which state a claim for relief. *Cluff v. Farmers Insurance Exchange,* 10 Ariz.App. 560, 460 P.2d 666 (1969); *Davis v. First National Bank,* 124 Ariz. 458, 605 P.2d 37 (App.1979). The test is set forth in *Restatement (Second) of Torts* § 46 (1965):

> (1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

Comment d to that section adds the following:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.... The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.... [P]laintiffs must necessarily be expected and required to be

hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind....

■ We find that the conduct complained of failed to meet the test necessary to state a claim for intentional infliction of emotional distress. Basically, the allegations upon which appellants rely for their claim of emotional distress are the following: Appellee Dallas Duhammel, Sr., made false statements against appellant Thomas Star to the Scottsdale City Council and to various newspaper reporters; he led a demonstration around the Scottsdale City Council building, and the demonstrators carried signs which falsely accused appellant Thomas Star. We do not find that this conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Were we to hold otherwise, every demonstration, statement to the news media, or letter to the editor would give rise to a claim alleging the intentional infliction of emotional distress.

■ Finally, appellants contend that Count IV which alleged an invasion of privacy was also governed by the two-year statute of limitations and, therefore, it was incorrect to dismiss that count from the counterclaim. Assuming arguendo that appellants' contention is correct, we find, according to *Davis, supra,* that appellants' invasion of privacy claim cannot be maintained because appellants have failed to plead a claim for intentional infliction of emotional distress. In *Davis,* we noted the "striking similarity" between the claims for invasion of privacy and intentional infliction of emotional distress, and that "guarantees" exist in the latter tort to protect defendants from unwarranted lawsuits, i.e., there must be a showing of extremely outrageous conduct. 124 Ariz. at 462–63, 605 P.2d at 41–42. We then determined that those same safeguards should be applied in connection with the tort of invasion of privacy. Although *Davis* involved an allegation of invasion of privacy through intrusion into plaintiff's private affairs, we see

no reason not to retain those safeguards in the present case, which involves allegations that publicity placed the plaintiff in a false light in the public eye. See Prosser, *Privacy*, 48 Calif.L.Rev. 383, 389 (1960). Otherwise, there would exist little if any reason to distinguish this particular tort from libel or slander.

For all of the reasons stated above, the judgment of the lower court is affirmed.

OGG and FROEB, JJ., concur.