717 F.2d 1310
 AMERICAN HOME ASSURANCE COMPANY, a New York corporation,
Plaintiff-Appellee,
v.
Leslie L. MILLER, and Kathleen Miller, husband and wife;
Leslie L. Miller, P.C., a professional
corporation, Defendants-Appellants.
Leslie L. MILLER, et al., Counterclaimants,
v.
AMERICAN HOME ASSURANCE COMPANY, Counterdefendants.
 No. 82-5820.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 16, 1983.
Decided Oct. 6, 1983.
 
 M. Byron Lewis, Jennings, Strouss & Salmon, Phoenix, Ariz., for plaintiff-appellee.
 Amil J. Ajamie, Ajamie, Fay & Webb, Phoenix, Ariz., for defendants-appellants.
 Appeal from the United States District Court for the District of Arizona.
 Before FAIRCHILD*, HUG, and FARRIS, Circuit Judges.
 HUG, Circuit Judge:
 
 
 1
 The issue presented in this case is whether an insurer is obligated under a malpractice policy to represent an insured where, in a collection action, a debtor of the insured claims an offset by reason of the insured's malpractice on a matter unrelated to the debt. The district court held that the insurer is not obligated to represent the insured. We reverse.
 
 
 2
 * American Home Assurance brought this declaratory relief action to settle the rights and obligations of the parties under a professional liability insurance policy issued to Leslie Miller, an attorney.
 
 
 3
 In 1980, Miller was sued for legal malpractice in state court by one of his clients, Amfac Distribution Corporation. Miller had handled a number of collection actions for Amfac, and the malpractice suit arose out of one of those actions. American Home defended Miller in the malpractice action, and succeeded in having the action dismissed on the basis of the statute of limitations.
 
 
 4
 Miller subsequently brought a separate state court action against Amfac to collect legal fees owing to Miller from different matters that Miller had handled for Amfac. Amfac's answer asserted that any legal fees due Miller were "subject to reduction or elimination" in the amount of the damages Amfac suffered by reason of Miller's malpractice, even though the alleged malpractice had occurred in a matter unrelated to the matters for which Amfac owed Miller legal fees.
 
 
 5
 Miller informed American Home that Amfac was raising the malpractice issue in an attempt to reduce its liability to Miller. He requested that American Home represent him as to the malpractice issue. American Home then brought this declaratory action to determine whether it is obligated, under Miller's malpractice policy, to represent Miller as to the malpractice issue. Miller counterclaimed for actual and punitive damages. On cross-motions for summary judgment, the district court ruled for American Home, holding that it is not obligated to represent Miller. Miller appeals from that judgment.
 
 II
 
 6
 If American Home is obligated to represent Miller, that duty arises out of the insurance policy. See Navajo Freight Lines, Inc. v. Liberty Mutual Ins. Co., 12 Ariz.App. 424, 471 P.2d 309, 316 (Ariz.Ct.App.1970). The clause of the insurance policy under which the duty to defend arises provides in relevant part:
 
 
 7
 With respect to such insurance as is afforded by this policy, the Company shall defend any suit against the insured alleging such act or omission and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent ....
 
 
 8
 The issue is whether the allegations asserted by Amfac in the form of an affirmative defense constitute a "suit against the insured ... seeking damages which are payable under the terms of this policy."The coverage clause of the policy provides that American Home agrees:
 
 
 9
 To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of any claim or claims ... made against the insured ... arising out of any act or omission of the insured in rendering or failing to render professional services for others in the insured's capacity as a lawyer ... and caused by the insured ....
 
 
 10
 (Emphasis in original.)
 
 
 11
 In interpreting each term of this policy, we bear in mind that if it "is subject to more than one reasonable interpretation, that interpretation which favors the insured is adopted, since the insurer authors the contract of insurance." Prudential Insurance Co. of America v. Barnes, 285 F.2d 299, 300 (9th Cir.1960).
 
 
 12
 Amfac sets forth in its answer to the complaint as a defense the claim that any amount found owing to Miller is subject to reduction by an amount in excess of $30,753.92, which it alleges Miller owes to Amfac as "damages" for his alleged malpractice in the unrelated transaction that was the subject of the suit barred by the statute of limitations. American Home argues that Amfac's assertion of Miller's alleged malpractice is purely defensive, in the nature of a recoupment defense, and that Amfac seeks no affirmative relief for the alleged malpractice. Because no affirmative relief is sought, American Home contends, it has no duty under the policy to represent Miller.
 
 
 13
 Miller contends that Amfac is seeking affirmative relief. He argues that Amfac's assertion of his alleged malpractice cannot be in the nature of a recoupment defense because it did not arise from the same transaction as the one for which the legal fees are due. Miller argues it must be in the nature of a counterclaim or setoff, see W.J. Kroeger Co. v. Travelers Indemnity Co., 112 Ariz. 285, 541 P.2d 385, 387 (1975), and therefore is within the coverage of the policy.
 
 
 14
 Although it appears that Amfac's assertion of the claim for damages for the alleged malpractice is in the nature of a counterclaim or setoff, and not recoupment, id.,[1] its proper characterization as a matter of Arizona civil procedure is a question we need not reach. Our concern is with the substance of the allegations, not the labels which have been attached to them.
 
 
 15
 The legal fees due Miller are from matters unrelated to the alleged malpractice. Miller's right to those fees is independent of the claimed malpractice. If the malpractice allegation results in a reduction of Miller's recovery, it will not be because the malpractice affected Miller's right to the legal fees. Rather, it will be because Amfac's liability to Miller can be offset under Arizona law by the damages Amfac could establish against Miller as a result of his malpractice in an unrelated transaction.
 
 
 16
 Amfac's debt to Miller for legal services is an asset belonging to Miller with a monetary value. That Amfac, in an attempt to avoid a statute of limitations problem, seeks to recover this asset instead of money is of no material difference under the policy. The term "damages" in the policy is not so narrow as to exclude accounts receivable from unrelated matters. Whether Amfac recovers monetary damages from Miller or succeeds in offsetting an unrelated debt owed to Miller, the effect on Miller is the same.
 
 
 17
 American Home is obligated under the policy to represent Miller as to the malpractice issue. Accordingly, the district court's summary judgment is vacated and this matter is remanded for further proceedings.
 
 
 18
 REVERSED and REMANDED.
 
 FARRIS, Circuit Judge, dissenting:
 
 19
 I respectfully dissent. Amfac Distribution Corporation has interposed a defense which, if successful, will cause Miller to suffer a legal determination that he is not entitled to collect certain debts. This differs from a "legal obligation to pay damages." In the absence of supervening statutes, the insurer's obligation to defend Miller is defined by the plain language of the contract. Navajo Freight Lines v. Liberty Mutual Insurance Co., 12 Ariz.App. 424, 471 P.2d 309, 316 (1970). If Amfac's defense were a true counterclaim, it would, if successful, impose "a legal obligation to pay damages" and would therefore obligate the carrier to defend, since Amfac's defense would then be a "suit against the insured for damages."
 
 
 20
 The majority focuses on the effect of the defense, if successful. I understand but disagree with their approach. We are not deciding whether there is a duty to indemnify but whether there is a duty to defend. Miller can be indemnified if the trier of fact treats the defense as a counterclaim, but where, as here, it clearly appears from the pleadings that there is no obligation to indemnify, there is no obligation to defend. This is true even if subsequent events at trial reveal the obligation to indemnify. Paulin v. Fireman's Fund Insurance Co., 1 Ariz.App. 408, 403 P.2d 555, 558 (1965); 7C J. Appleman, Insurance Law and Practice Sec. 4683 (1979); Annot. 50 A.L.R.2d 461, 475 (1956).
 
 
 21
 I would not "interpret" the plain language of the policy to create an obligation to defend this cause of action. Although the language defining the limits of the insurer's liability could have specified those limits with greater certainty, the failure to do so is not fatal where, as here, the intent is sufficiently clear to define the coverage provided.
 
 
 22
 I would affirm.
 
 
 
 *
 The Honorable Thomas E. Fairchild, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 [1]
 See also C. Wright & A. Miller, 6 Federal Practice and Procedure Sec. 1401 (1971); 5 Wright & Miller Sec. 1275 (1969)