747 P.2d 1206

John P. MORRIS and Barbara D. Morris, husband and wife, Defendants/Counter–Claimants / Appellants / Cross-Appellees,

v.

ACHEN CONSTRUCTION COMPANY, INC., an Arizona corporation; Sanders T. Achen and Roxanne M. Achen, husband and wife; Brett J. Hunsinger; Jalma Hunsinger, Plaintiffs/Counter–Defendants/Appellees/Cross-Appellants.

2 CA–CIV 5670.

Court of Appeals of Arizona, Division 2, Department A.

April 3, 1986.

Gallagher & Kennedy, P.A. by Michael L. Gallagher and Kevin E. O'Malley, Phoenix, for defendants/counter-claimants/appellants/cross-appellees.

Norton, Burke, Berry & French, P.C. by Ronald L. Junck and Colleen L. French, Phoenix, for plaintiff/counter-defendant/appellee/cross-appellant Achen.

Mitchell C. Laird, P.C. by Mitchell C. Laird and Jeffrey M. Schneck, Phoenix, for plaintiff/counter-defendant/appellee/cross-appellant Hunsinger.

## OPINION

HATHAWAY, Chief Judge.

Defendants/counter-claimants John P. Morris and Barbara D. Morris (Morris) contest the trial court's allowance of recoupment in favor of appellee Achen Construction Company, Inc. (Achen), the failure to instruct on Morris' false lien claim, the failure to grant Morris' attorney's fees and the granting of attorney's fees in favor of counter-defendants Brett J. Hunsinger and Jalma Hunsinger. Cross-appellant Achen contests the trial court's dismissal of its action based upon A.R.S. § 32–1167 and the trial court's denial of Achen's attorney's fees. We agree with the trial court on all issues except the false lien.

The Morrises own a plot of land in the Echo Canyon area. In May 1982, the Morrises entered into an oral agreement with Achen for construction of a residence on that land. Achen had been recommended by Jalma Hunsinger. Achen possessed a Class B contractor's license issued by the Registrar of Contractors. John Achen, a New Mexico resident, was the qualifying party for Achen's contractor's license. He later disassociated himself from the company.

Involved in the construction of this project as employees of Achen were Brett Hunsinger and Sanders Achen. Disputes arose among the parties during the course of construction as to the quality of work. Morris eventually dismissed Achen from the job. On October 4, 1982, Sanders Achen gave Morris a bill for costs This bill was not paid by Morris. Achen filed a mechanic's lien on Morris' property on October 7, 1982. The lien was released by Achen on October 18, 1982.

On December 3, 1982, Achen, Sanders Achen, Roxanne Achen and Brett Hunsinger filed suit against Morris for breach of contract to construct a residence for Morris. The complaint sought $40,000 in damages together with attorney's fees and costs. On March 10, 1983, Morris filed an answer and counterclaim. The counterclaim contained claims for breach of contract, negligence and fraud. In addition, Jalma Hunsinger, Carol Hunsinger and Hunsinger Homes, Inc., were brought into the litigation as counter-defendants on the fraud claims. On January 3, 1984, Morris moved to dismiss the claims of the individual plaintiffs on the ground that they were unlicensed contractors. The motion was granted, and the claims of Sanders Achen, Roxanne Achen and Brett Hunsinger were dismissed.

Beginning October 9, 1984, the case was tried to a jury. At the close of the contractor's case, the trial court directed a verdict in favor of Morris on the basis that John Achen, the qualifying party for Achen Construction Company, had disassociated himself from the company, resulting in suspension of the company's contractor's license pursuant to A.R.S. § 32–1167. At the conclusion of all the evidence, the trial court instructed the jury that in the event it determined that the contractors had breached the contract by performing defective work, the damages suffered by Morris should be reduced by the part of the contract price that was due but unpaid.

The jury found that the contractors had breached their contract with Morris and that Morris had been damaged in the sum of $16,500. The jury also determined, however, that $18,437.19 remained due on the contract price and therefore awarded no damages. The jury also found for Jalma Hunsinger, Sanders Achen and Brett Hunsinger on the fraud claim. All parties moved for an award of their attorney's fees, and the trial court awarded the counter-defendants Hunsinger $60,000 but denied the applications of all of the Achens and Morris. Morris moved for a new trial, which was denied by the trial court. Morris filed a timely appeal; Achen cross-appealed.

Morris raises five issues on appeal: (1) the trial court's instructions improperly allowed the jury to grant a set off in favor of an unlicensed contractor; (2) the trial court improperly refused to instruct the jury that it could award damages to the Morrises as a result of the filing of a false lien against their property by the contractors; (3) the trial court abused its discretion in refusing to award attorney's fees to the Morrises as the prevailing party against the contractors; (4) the trial court improperly awarded attorney's fees under A.R.S. § 12–341.01(A) to the Hunsingers as prevailing parties on a fraud claim; (5) in the event the court upholds an award of attorney's fees in favor of the Hunsingers, that portion of the fees attributable to representation of Brett Hunsinger should be disallowed.

Cross-appellant Achen raises two issues on appeal: (1) the trial court erred in dismissing Achens' complaint based upon A.R.S. § 32–1167 and (2) the trial court erred in denying the petition for attorney's fees filed by Sanders Achen, Roxanne Achen and John Achen.

## I. RECOUPMENT

■ At trial, the court instructed the jury:

"If you find that Achen Construction Company, Sanders Achen and Brett Hunsinger or any of them had a contract with the Morrises and breached that contract by performing defective work, the measure of damages for that breach is the cost of remedying the defects less any part of the contract price that is due but unpaid."

The jury did in fact find that, while Morris had been damaged in the amount of $16,500, because $18,437.19 was as yet unpaid, there were zero damages. Morris argues that the trial court's instruction was in error because the inability of Achen to pursue its cause of action due to the provisions of A.R.S. § 32–1167 barred any right to offset the damages due against the unpaid contract price. It is indeed the law in Arizona that where a party is not entitled

to relief in a direct action, that party is not entitled to a set off or counterclaim. *Occidental Chemical Company v. Connor*, 124 Ariz. 341, 604 P.2d 605 (1979); *W.J. Kroeger Company v. Travelers Indemnity Company*, 112 Ariz. 285, 541 P.2d 385 (1975).

The instruction by the trial court, however, was in the nature of a recoupment, not a set off. Although related concepts, set offs and counterclaims are distinguishable from recoupment. A set off or counterclaim is a demand which the defendant has against the plaintiff arising out of a transaction extrinsic to the plaintiff's cause of action, whereas a recoupment is a reduction by the defendant of part of the plaintiff's claim because of a right in the defendant arising out of the same transaction. Black's Law Dictionary 1146 (5th ed. 1979). See also *W.J. Kroeger Company v. Travelers Indemnity Company*, supra. Additionally, the instruction represents the proper measure of damages for recoupment. 20 Am.Jur.2d, Counterclaim, Recoupment and Setoff, § 158 (1965); 80 C.J. S. Set Off and Counterclaim, § 2 (1953).

In the current situation, the demand of Achen arose out of the same transaction on which Morris is counterclaiming. It is not an extrinsic transaction; therefore recoupment is the proper equitable remedy to be sought. In Arizona, recoupment is a defense which can be successfully asserted, even if the party is not entitled to relief in a direct action. *W.J. Kroeger Company v. Travelers Indemnity Company*, supra; *Aetna Finance Company v. Pasquali*, 128 Ariz. 471, 626 P.2d 1103 (App.1981). In *Aetna*, the claim of

the defendant was barred by the statute of limitations. The court, however, permitted the recoupment defense despite this statutory limitation. The same reasoning holds true here. The claim of the counter-defendant Achen is barred by § 32–1167. However, since Achen's claim arose out of the same transaction, the defense of recoupment is available. We cannot distinguish this situation from *Aetna*. The instruction given by the trial court was correct. We do note, however, that in some jurisdictions, neither set off, counterclaim nor recoupment will be allowed if the defendant could not maintain an independent action. See 20 Am.Jur.2d, Counterclaim, Recoupment and Setoff, §§ 54–55 (1965). This, however, is not the law in Arizona. Any error in the instruction on the basis of failure to enunciate equitable defenses was waived by appellant due to failure to object or provide alternative instructions.

## II.  FALSE LIEN

Counts eight and nine of Morris' counterclaim sought damages as a result of the filing of a false lien against their property on October 7, 1982. In its lien, Achen stated that there was a written contract and that the building was completed. Neither statement was true. Pursuant to A.R.S. § 33–420(A),[1] the Morrises argued that they were entitled to damages of $1,000 or treble the actual damages caused by the filing of the false lien, together with reasonable attorney's fees and costs. Achen argues that since the lien was voluntarily released within 20 days of filing, the limiting language of A.R.S. § 33–420(C) ap-

---

1. Former A.R.S. § 33–420 (amended 1985) provided:

   "A.  A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded or filed in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than one thousand dollars, or for treble the actual damages caused [by] the recording or filing, whichever is greater, and reasonable attorney fees and costs of the action.

\*     \*     \*     \*     \*     \*

   C.  A person named in a document which purports to create an interest in, or a lien or encumbrance against, real property who knows that the document is forged, contains a material misstatement or false claim or is otherwise invalid shall be liable to the owner or title holder for treble actual damages, reasonable attorney fees and costs as provided in this section, if he wilfuly refuses to release or correct such document of record within twenty days from the date of written request from the owner or beneficial title holder of the real property."

plies. We disagree. The lien was invalid. A.R.S. § 33–1002(B). A.R.S. § 33–420(A) provides a remedy for an invalid lien, and it is distinct from the one provided in § 33–420(C). *Richey v. Western Pacific Development Corporation*, 140 Ariz. 597, 684 P.2d 169 (App.1984). Therefore, appellant was entitled to relief. The version of A.R.S. § 33–420(A) in effect at the time of this incident provided for recovery of $1,000 regardless of damages or treble the actual damages. A.R.S. § 33–420 now provides for $5,000 in damages. We find that Morris suffered no actual damage due to the false lien but do award him $1,000. We remand to the trial court solely on the issue of attorney's fees provided for by A.R.S. § 33–420(A).

### III. PREVAILING PARTY

■ Following the trial, each of the parties filed an application for attorney's fees pursuant to A.R.S. § 12–341.01(A). The court determined, with regard to the claim of Morris and Achen, that their dispute had ended in a draw since no damages were awarded to either party and therefore neither was a prevailing party. Since A.R.S. § 12–341.01(A) only permits an award of attorney's fees to a prevailing party, none could be awarded to Achen or Morris. The trial court was correct in finding that neither Achen nor Morris had prevailed. See *Trollope v. Koerner*, 21 Ariz.App. 43, 515 P.2d 340 (1973).

### IV. HUNSINGERS' ATTORNEY'S FEES

■ Morris argues that the award of $60,000 in attorney's fees to the Hunsingers was improper because the fraud claim on which the Hunsingers prevailed did not arise out of contract as is required in A.R.S. § 12–341.01(A). No complaint is raised as to the amount of attorney's fees. In *Sparks v. Republic National Life Insurance Company*, 132 Ariz. 529, 647 P.2d 1127, cert. den. 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982), the Arizona Supreme Court held that a tort action can be subject to § 12–341.01(A) if the tort is intrinsically related to the contract itself and cannot exist but for the breach of contract. The Morrises sued the Hunsingers for fraud. One of the nine elements of fraud is damages. *Moore v. Meyers*, 31 Ariz. 347, 253 P. 626 (1927). The only damages that the Morrises are seeking redressment for are those for breach of contract. Therefore, the Morris' claim for fraud against the Hunsingers could not exist but for the breach of the contract. The trial court acted within its discretion in awarding attorney's fees pursuant to § 12–341.01(A).

### V. ATTORNEY'S FEES FOR BRETT HUNSINGER

■ Brett Hunsinger was a plaintiff in his own name in the original lawsuit. By summary judgment, he was taken out of that lawsuit. The action between Achen Construction Company, of which he was an employee, and Morris was a draw. Hunsinger was successful, however, in defending against the fraud claim. Therefore, Brett Hunsinger was a successful party in the fraud action. We cannot say the trial court abused its discretion in awarding Brett attorney's fees in that successful defense. See *Autenreith v. Norville*, 127 Ariz. 442, 662 P.2d 1 (1980). The statute does not require that a "successful party" prevail in all aspects of the litigation between the parties. Rather, if a party prevails in one cause of action between the parties, the trial court may, in its discretion, award attorney's fees.

### VI. DISMISSAL PURSUANT TO A.R.S. § 32–1167

A.R.S. § 32–1167 states:

"A. If a person who qualified for a license ceases for any reason whatsoever to be connected with the licensee, both the licensee and the qualifying party shall notify the registrar in writing within fifteen days after such disassociation.

B. A licensee shall have sixty days from the date of any such disassociation to qualify through another person. If the licensee fails to qualify through another person within sixty days, the license is automatically suspended by op-

eration of law at the end of the period until the licensee does qualify through another person."

John Achen, the qualifying party for Achen Construction, had disassociated himself from the company. Achen argues that Arizona courts must entertain the claims of contractors who have violated the contractor licensing statutes until such time as the Registrar of Contractors conducts an inquiry and suspends the contractor's license. Achen ignores, however, the part of the section which states that "[t]he license is automatically suspended by operation of law...." No action by the Registrar of Contractors was needed to suspend the license. The trial court ruled correctly. We find the California decisons cited by appellee inapposite due to differing statutory language. See *Judson Pacific–Murphy Corporation v. Durkee*, 144 Cal.App. 2d 377, 301 P.2d 97 (1956).

Affirmed in part, modifed, reversed and remanded in part.

HOWARD, P.J., and FERNANDEZ, J., concur.