368 P.3d 930

**Lisa SUMMERS, a single woman, Plaintiff/Counter–Defendant/Appellant,**

**v.**

**Brenda GLOOR, a single woman; The Gloor Family Bakery, Inc. dba The Bread Basket Bakery, an Arizona corporation; 4 Beez Bakery, Inc., an Arizona corporation, Defendants/Counter–Claimants/Appellees.**

**No. 1 CA–CV 14–0674.**

Court of Appeals of Arizona,
Division 1.

Feb. 2, 2016.

Sanders & Parks, P.C., By G. Gregory Eagleburger, Patrick B.N. Solomon, Phoenix, Counsel for Plaintiff/Counter–Defendant/Appellant.

Baird, Williams & Greer, L.L.P., By William D. Sawkiw, Phoenix, Counsel for Defendants/Counter–Claimants/Appellees.

Presiding Judge KENTON D. JONES delivered the opinion of the Court, in which Judge SAMUEL A. THUMMA and Judge PETER B. SWANN joined.

## OPINION

JONES, Judge:

¶1 Lisa Summers appeals from a judgment (1) in favor of Appellees (collectively Gloor) on their counterclaim for unjust enrichment, and (2) awarding Gloor attorneys' fees and costs. We conclude Gloor was not precluded from seeking equitable relief as an alternative to her defenses of recoupment and offset to Summers' contract claim under

the circumstances presented, and the award to Gloor on her counterclaim was consistent with the evidence presented and the jury's verdict and interrogatory response. We further find the trial court acted within its discretion in deeming Gloor the successful party and awarding attorneys' fees and costs. For these reasons, we affirm.

## FACTS [1] AND PROCEDURAL HISTORY

¶2 In June 2011, Summers, who owned a successful fruit stand business, filed a complaint alleging Gloor breached a contract between them by failing to repay more than $400,000 in loans Summers had made to Gloor and seeking specific performance of an alleged agreement that Gloor would give Summers a fifty percent partnership interest in her bakery business. Gloor acknowledged Summers had loaned her money to help with her bakery but denied promising Summers any ownership interest in the bakery in exchange. Gloor also maintained she had substantially repaid Summers by providing labor and bakery product to Summers' fruit stand and asserted affirmative defenses to Summers' contract claim, including recoupment and offset,[2] as well as a counterclaim for unjust enrichment arising from the value of the goods and services Summers received.[3]

¶3 Summers acknowledged receiving labor and bakery product from Gloor, but denied any agreement to accept goods or services as repayment for the loans. Summers further argued any value received from Gloor's labor and bakery product was outweighed by the value of fruits and vegetables Summers provided to Gloor's bakery.

¶4 Summers' contract claim proceeded to a jury trial in February 2014. The jury was not asked to consider Gloor's equitable counterclaim in any respect; rather, the parties agreed the equitable claim would be decided by the court after the jury returned its verdict. *See* Ariz. R. Civ. P. 39(j) ("Issues not demanded for trial by jury ... shall be tried by the court."). Following the presentation of evidence and argument, the jury was instructed upon the elements of a claim for breach of contract, as well as Gloor's affirmative defenses of recoupment and offset as follows:

> Gloor claims the defense of recoupment. The defense of recoupment reduces, satisfies, or eliminates any damages Summers might have in the amount proven by Gloor.
>
> . . .
>
> Gloor claims that any damages Summers claims are subject to the affirmative defense of setoff or offset.
>
> The right of setoff or offset allows people or entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A.

¶5 Acknowledging the jury's verdict could be dispositive on the equitable claim, the parties agreed to propound certain special interrogatories to the jury. The relevant interrogatory provided:

> Defendant Gloor claims that she provided bakery products that were sold by Plaintiff Summers at Summers Fruit Barn. In reach[ing] a verdict on Plaintiff's claims, did you give credit to Defendant Gloor for bakery products allegedly provided by her and allegedly sold at Summers Fruit Barn?

During its deliberations, the jury requested clarification of the meaning of the word "credit," and was advised "[i]n this context 'credit' means to reduce an amount you would have otherwise found due and owing to Summers."

¶6 The jury returned a verdict in favor of Summers on the breach of contract claim and awarded her damages in the amount of

---

1. We view the facts and all reasonable inferences to be drawn therefrom in the light most favorable to upholding the trial court's orders. *Bennett v. Baxter Grp., Inc.*, 223 Ariz. 414, 417, ¶2, 224 P.3d 230, 233 (App.2010) (citing *Sabino Town & Country Estates Ass'n v. Carr*, 186 Ariz. 146, 148, 920 P.2d 26, 28 (App.1996)).

2. Although offset and recoupment are somewhat different concepts, *see Nogales Serv. Ctr. v. Atl.*

*Richfield Co.*, 119 Ariz. 552, 554, 582 P.2d 642, 644 (App.1978), the parties did not argue before the trial court and have not argued on appeal that those differences are of consequence in this case.

3. Additional claims and counterclaims and related requests for relief were sought, none of which are relevant to this appeal.

$346,854, but found Summers had not proven Gloor agreed to transfer any ownership interest in the bakery to her. It also responded, "no," to the special interrogatory, thus clarifying that it did not reduce its verdict to account for any bakery product Gloor provided to Summers. The jury was not asked to further elaborate and did not do so.

¶ 7 After the jury returned its verdict, Summers unsuccessfully moved to dismiss Gloor's equitable claim for unjust enrichment on the basis that the evidence of the value of the bakery product was too uncertain to support an award of damages. The parties then presented additional evidence and argument, after which the trial court issued its order finding in favor of Gloor on her unjust enrichment counterclaim and awarding her $280,000.[4]

¶ 8 Summers filed a motion for new trial and motion for judgment notwithstanding the verdict, arguing the trial court's ruling on the counterclaim was unsupported by the evidence and inconsistent with the jury's response to the special interrogatory. The motions were denied.

¶ 9 Both parties requested an award of attorneys' fees and costs pursuant to Arizona Revised Statutes (A.R.S.) section 12–341.01,[5] each asserting she was the successful party in a contract action. The trial court determined Gloor was the successful party and ordered Summers pay her attorneys' fees and costs in the total amount of $108,456. Judgment entered, and Summers timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1), –2101(A)(1) and (A)(5)(a).

## DISCUSSION

### I. The Trial Court's Ruling is Not Inconsistent with the Jury's Verdict.

¶ 10 Summers first argues the trial court erred in denying her motion for new trial because its order in favor of Gloor on

her unjust enrichment claim is inconsistent with the jury's verdict in favor of Summers on her contract claim. Specifically, Summers asserts that "by rejecting [Gloor]'s affirmative defenses of offset and recoupment, the jury found that [Summers] had not received a benefit from [Gloor]," and therefore, Gloor was unable to recover on a theory of unjust enrichment. We review a trial court's decision denying a motion for new trial for an abuse of discretion. *Styles v. Ceranski*, 185 Ariz. 448, 450, 916 P.2d 1164, 1166 (App. 1996).

¶ 11 Summers is correct that, to recover under a theory of unjust enrichment, the proponent must demonstrate, among other things, that the other party received a benefit. *See Freeman v. Sorchych*, 226 Ariz. 242, 251, ¶ 27, 245 P.3d 927, 936 (App.2011) (citing *Murdock–Bryant Constr., Inc. v. Pearson*, 146 Ariz. 48, 53, 703 P.2d 1197, 1202 (1985)). However, we disagree that the jury's response to the special interrogatory in resolving the contract claim foreclosed a later finding by the trial court that Summers received a benefit from the bakery product Gloor provided to the fruit stand for purposes of Gloor's unjust enrichment claim.

¶ 12 Although the jury heard testimony regarding Gloor's theory that she had repaid Summers with labor and bakery product, it was not advised of or asked to consider Gloor's unjust enrichment claim and was, instead, only instructed on and asked to decide Summers' contract claim. Assuming the jury followed those instructions, as we must, *Hyatt Regency Phx. Hotel Co. v. Winston & Strawn*, 184 Ariz. 120, 140, 907 P.2d 506 (App.1995) (citing *Perkins v. Komarnyckyj*, 172 Ariz. 115, 119, 834 P.2d 1260, 1264 (1992)), two distinctly different conclusions could be drawn from the jury's decision not to award Gloor a contractual offset or recoupment for the bakery product she provided Summers.

**4.** Despite Summers' assertion that this was "an odd sum that was never supported by any evidence," the record reflects bakery sales from Summers' fruit stand from 2006 to 2010 totaled $329,896. Deducting fifteen percent profit, which Gloor testified she realized from her own bakery sales, from this figure results in a valuation of the bakery product at $280,411.60, which rounds to $280,000.

**5.** Absent material revisions from the relevant date, we cite a statute's current version.

¶ 13 First, the jury could have accepted Summers' testimony that any value she received from Gloor's goods and services was outweighed by the value of fruits and vegetables Summers provided to Gloor's bakery— essentially that Gloor *should not* receive any credit. Encompassed within this interpretation is the conclusion Summers now proffers: that Summers did not benefit from Gloor's bakery product and therefore was not entitled to an offset.

¶ 14 Second, the jury could have accepted Summers' testimony that she never agreed to accept bakery product as payment for the loans—essentially that Gloor *could not* receive a credit *even if* it found Summers benefited from the bakery product, because this method of repayment was not contemplated by the parties' oral contract. *See Fain Land & Cattle Co. v. Hassell,* 163 Ariz. 587, 593, 790 P.2d 242, 248 (1990) (rejecting argument that the state could accept payment in-kind for sale of trust property where the constitution unambiguously requires payment in cash). Such a finding would not preclude the trial court from later determining Summers received and benefitted from Gloor's bakery product and, more broadly, that Gloor was entitled to an unjust enrichment award under principles of equity, notwithstanding the jury's rejection of payment in-kind against the outstanding loan obligation.

¶ 15 Summers argues this second interpretation is impermissible because the doctrine of unjust enrichment does not apply where the parties' relationship is governed by a specific contract. *See Trustmark Ins. v. Bank One, Ariz., N.A.,* 202 Ariz. 535, 542, ¶ 34, 48 P.3d 485, 492 (App.2002) (quoting *Brooks v. Valley Nat'l Bank,* 113 Ariz. 169, 174, 548 P.2d 1166 (1976)). According to Summers, once the jury found a contract existed between the parties, Gloor was precluded from seeking equitable relief.

¶ 16 We agree with the parties that had the jury responded "yes" to the special interrogatory and given Gloor any credit for the bakery product, her right to compensation would have been addressed, and she would be foreclosed from seeking equitable relief. *See Brooks,* 113 Ariz. at 174, 548 P.2d at 1671 ("A person is not entitled to compensation on the grounds of unjust enrichment if he receives from the other that which it was agreed between them the other should give in return.") (citing Restatement (First) of Restitution § 107, cmt. a (1937)). However, we do not accept Summers' position that the mere assertion of contract defenses of recoupment or offset enjoins a defendant from seeking alternative equitable relief.

¶ 17 At the most basic level, contract law is designed to ensure each contracting party receives what the other has promised, and no more. *See id.;* Restatement (First) of Restitution § 107, cmt. a (1937). On this principle, this Court rejected the plaintiff's attempt in *Trustmark* to recover more than it had specifically bargained for by pursuing a claim for unjust enrichment. 202 Ariz. at 543, ¶ 37, 48 P.3d at 493; *see also Johnson v. Am. Nat'l Ins.,* 126 Ariz. 219, 223, 613 P.2d 1275, 1279 (App.1980) (affirming dismissal of a claim for unjust enrichment that would "relieve [a party] of the effects of express provisions of the terms of the loan commitment"). Here, however, the jury apparently rejected Gloor's claim that the loan contract contemplated repayment in-kind. The parties' relationship relative to the bakery product was therefore not governed by any contract, and Gloor was entitled to seek equitable relief as an alternative. *See Adelman v. Christy,* 90 F.Supp.2d 1034, 1045–46 (D.Ariz.2000) (permitting plaintiff to pursue an unjust enrichment claim as an alternative to his breach of contract claim, subject to a single recovery, where he would have no other remedy to recover payment for services rendered if the contract was found invalid). Indeed, the jury's acceptance of Summers' testimony that she never agreed to allow Gloor to satisfy the loan through a means other than monetary repayment would have foreclosed the possibility of offset or recoupment and confined Gloor to arguing equitable principles of recovery.

¶ 18 Summers also argues the trial court was required to request clarification from the jury where the possible inferences to be drawn from its conclusion vary. But that is not the law, particularly where, as here, neither party requested clarification, nor argued the jury's general verdict and its answer to

the interrogatory were inconsistent. *See* Ariz. R. Civ. P. 49(h) (noting the court "may return the jury for further consideration of its answers and verdict" where its responses are inconsistent). Moreover, this position is inconsistent with that taken by Summers on appeal, where she argues the jury's "yes" or "no" response to the special interrogatory was immaterial, and the only fact of import was the jury's recognition of a contract—any contract—between the parties. *See supra* ¶ 15.

¶ 19 Finally, we reject Summers' contention that the trial court's recognition of two equally valid and competing inferences is "judicial double-talk which serves no meaningful purpose." A reviewing court is obligated to search for a reasonable way to view the jury's verdict "as expressing a coherent view of the case." *Standard Chartered P.L.C. v. Price Waterhouse*, 190 Ariz. 6, 39, 945 P.2d 317, 350 (App.1996) (citing *Toner v. Lederle Lab.*, 828 F.2d 510, 512 (9th Cir. 1987)). In cases such as this, it is appropriate for the trial court, as the factfinder on the equitable claim considered and adjudicated after the jury returned a verdict on the contract claim, to choose among reasonable, competing inferences to be drawn from the jury's verdict and response to an interrogatory. *See Goff v. Guyton*, 86 Ariz. 349, 352, 346 P.2d 286 (1959) ("[I]f two inferences may be drawn [from a judgment] we must accept the one chosen by the trial court.") (citing *Stewart v. Schnepf*, 62 Ariz. 440, 444, 158 P.2d 529 (1945)); *Lillywhite v. Coleman*, 46 Ariz. 523, 526, 52 P.2d 1157 (1935) (noting the reviewing court accepts reasonable inferences to be drawn from the jury's answer to an interrogatory "as representing the true facts of the case"); *see also Coronado Co. v. Jacome's Dep't Store, Inc.*, 129 Ariz. 137, 139, 629 P.2d 553, 555 (App.1981) (noting all findings necessary to sustain a judgment are implied

therein so long as they are "reasonably supported by the evidence, and not in conflict with the express findings") (citing *In re Adoption of Holman*, 80 Ariz. 201, 208, 295 P.2d 372 (1956)). Moreover, the record reflects Summers agreed to limit the jury's consideration to the contract claim, agreed to the verdict form, agreed to the special interrogatory, and, when afforded the opportunity to request additional information from the jury on this issue, declined to do so. Given these concessions, she cannot rightfully claim error in failing to request more or different information from the jury. *See Data Sales Co. v. Diamond Z. Mfg.*, 205 Ariz. 594, 601, ¶¶ 31–32, 74 P.3d 268, 275 (App.2003) (holding a party who does not object to a jury instruction or the verdict form waives its right to assert error on appeal).

¶ 20 Although two different conclusions could be drawn from the jury's verdict, neither party requested clarification before the jury was discharged, and the trial court apparently accepted Summers' contention that the parties did not contemplate repayment in-kind as part of their contract. Therefore, any benefit to Summers *could not*, regardless of magnitude, constitute a legal defense of the breach of contract claim to reduce Gloor's debt. This conclusion neither negates nor resolves Gloor's equitable claim. The court thus, as the factfinder, determined Gloor was entitled, in equity, to a judgment for the value of the bakery product Summers received. We find no error where, as here, the court's conclusions are consistent with both the jury's verdict and its response to the special interrogatory and are supported by the evidence.[6]

## II. The Trial Court Acted Within its Discretion in Determining Gloor was the Successful Party.

¶ 21 Summers also argues the trial court erred in determining Gloor was the

---

6. Summers also raises several new arguments within her reply brief. These arguments have been waived, and we decline to consider them. *See Dawson v. Withycombe*, 216 Ariz. 84, 111, ¶ 91, 163 P.3d 1034, 1061 (App.2007) ("We will not consider arguments made for the first time in a reply brief.") (citing *Muchesko v. Muchesko*, 191 Ariz. 265, 268, 955 P.2d 21, 24 (App.1997)). We likewise reject Summers' suggestion that the trial court's ruling "essentially fashioned a new

contract for the parties which did encompass a repayment in kind arrangement between the parties." Although the net monetary effect may be the same, the obligations at issue—Gloor's legal obligation to repay the loan and Summers' equitable obligation to pay for the bakery product—are separate and distinct and were addressed in that fashion by the trial court as the parties had understood and agreed prior to trial.

successful party for the purpose of awarding attorneys' fees under A.R.S. § 12–341.01, which provides in pertinent part:

> In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees. If a written settlement offer is rejected and the judgment finally obtained is equal to or more favorable to the offeror than an offer made in writing to settle any contested action arising out of a contract, the offeror is deemed to be the successful party from the date of the offer and the court may award the successful party reasonable attorney fees.

"The decision as to who is the successful party for purposes of awarding attorneys' fees is within the sole discretion of the trial court, and will not be disturbed on appeal if any reasonable basis exists for it." *Sanborn v. Brooker & Wake Prop. Mgmt., Inc.*, 178 Ariz. 425, 430, 874 P.2d 982, 987 (App.1994) (citing *Schwartz v. Farmers Ins. Co. of Ariz.*, 166 Ariz. 33, 38, 800 P.2d 20, 25 (App.1990)).

¶ 22 Summers asserts the trial court misapplied A.R.S. § 12–341.01 in considering Summers' rejection of a settlement offer made before Summers filed her complaint and, arguably, before the matter became a "contested action," for purposes of determining who was the successful party. We need not and therefore do not address this contention because the record reflects: (1) Gloor made a written offer to Summers in December 2013, well after the filing of the complaint, offering to pay Summers $50,000 in full satisfaction of all claims between them; and (2) the net judgment finally obtained against Gloor, $41,602, was more favorable to Gloor than had Summers accepted her offer of settlement.

¶ 23 Under these circumstances, A.R.S. § 12–341.01 dictates the offeror, Gloor, "is deemed to be the successful party" and authorizes the trial court to award fees to Gloor. Therefore, Summers has not shown the court abused its discretion in applying the statute and awarding attorneys' fees to Gloor.

## CONCLUSION

¶ 24 The trial court's orders are affirmed.

¶ 25 Both parties request an award of attorneys' fees pursuant to A.R.S. § 12–341.01. As the prevailing party, Gloor is awarded her reasonable attorneys' fees and costs on appeal upon compliance with ARCAP 21(b).