NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

NATIONSTAR MORTGAGE LLC, *Plaintiff/Appellant,*

*v.*

MAGNUM FINANCIAL LLC, et al., *Defendants/Appellees.*

No. 1 CA-CV 18-0518
FILED 12-5-2019

---

Appeal from the Superior Court in Maricopa County
No. CV2017-002658
The Honorable Kerstin Lemaire, Judge
The Honorable Joseph C. Welty, Judge

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

---

COUNSEL

McCarthy & Holthus, LLP, Scottsdale
By Devan E. Michael
*Co-Counsel for Plaintiff/Appellant*

Hall Griffin LLP, Santa Ana, California
By Valerie J. Schratz
*Co-Counsel for Plaintiff/Appellant*

Lowis & Gellen LLP, Tempe
By Sean Donlan
*Counsel for Defendant/Appellee Bank of America, N.A.*

John N. Moore Attorney at Law, Peoria
By John Norman Moore
*Counsel for Defendant/Appellee Magnum Financial, LLC*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Diane M. Johnsen joined.

---

**M O R S E**, Judge:

**¶1**         Nationstar Mortgage, LLC ("Nationstar") appeals the dismissal of its claims for breach of contract, unjust enrichment, breach of the covenant of good faith and fair dealing, conversion, and enforcement of a lost cashier's check pursuant to A.R.S. § 47-3309.  For the reasons stated herein, we vacate the dismissal of Nationstar's claims for unjust enrichment and breach of the covenant of good faith and fair dealing against Magnum Financial, LLC ("Magnum"), affirm the dismissal of all the other claims, and remand for further proceedings.

### FACTS AND PROCEDURAL BACKGROUND[1]

**¶2**         In April 2013, Magnum, Bank of America, N.A. ("Bank of America"), and ReconTrust Company, N.A. ("ReconTrust") entered into a settlement agreement to resolve a legal dispute.  Pursuant to that agreement, Magnum agreed to pay ReconTrust $57,000.00.  On March 26, 2014, Magnum purchased a cashier's check payable "To The Order Of Bank of America" in that amount and delivered the check to ReconTrust and Bank

---

[1]    In reviewing a ruling on a motion to dismiss, we "take as true all well-pleaded facts alleged within the complaint," *Harper v. State*, 241 Ariz. 402, 404 (App. 2016) (citations omitted), and consider the four corners of the contract in question, and other documents attached to the complaint. *See Dunn v. FastMed Urgent Care PC*, 245 Ariz. 35, 38-39, ¶ 12 (App. 2018).

of America.  Nationstar acquired ReconTrust's rights under the settlement agreement, obtained the cashier's check, and then lost track of it.[2]

¶3        In 2015, Nationstar twice contacted Magnum to request a replacement check, but Magnum refused.  Nationstar then filed this action against Magnum in January 2017.  A few months later, Nationstar sent a third request for a replacement check, which Magnum also rejected.

¶4        In July 2017, Nationstar turned to Bank of America for assistance, sending a letter stating that Nationstar was owed funds on a lost cashier's check and enclosing an executed "Declaration of Loss."  Bank of America did not respond by providing any funds or a replacement check to Nationstar, but instead contacted Magnum.  Magnum then submitted its own "Declaration of Loss" to Bank of America, which gave it a replacement cashier's check, thereby refunding to Magnum the full amount of $57,000.00 Magnum had originally paid to ReconTrust.  Nationstar then amended its complaint to add Bank of America as a defendant.

¶5        We must recount the procedural history of this case in some detail.  Nationstar filed its original complaint on January 27, 2017, a first amended complaint on May 15, 2017, and a second amended complaint approximately seven months later, on December 27, 2017.  Magnum filed its first motion to dismiss on January 4, 2018, in which it argued that delivery of the original cashier's check rendered the breach of contract action meritless and that the statute of limitations had run on all of Nationstar's claims pertaining to the check.  In its motion, Magnum admitted that it had received a refund from Bank of America, but argued that this could not give rise to any claim by Nationstar.  Before the superior court ruled on Magnum's motion to dismiss, Nationstar filed a third amended complaint on March 1, 2018, which prompted Magnum to file a second motion to dismiss on March 20, 2018.

¶6        On April 2, 2018, the superior court ruled on Magnum's first motion to dismiss.  The court held that, pursuant to A.R.S. § 47-3310, "once

---

[2]        Bank of America argues that Nationstar has pled insufficient facts to substantiate Nationstar's assertion that it is ReconTrust's successor in interest or that Nationstar was assigned the right to enforce the check.  However, we must "indulge all reasonable inferences" from the allegations in Nationstar's complaint.  *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008).  The complaint alleges that Nationstar is the successor in interest to ReconTrust and has the right, power and authority to assert its rights pursuant to the settlement agreement.

[Nationstar] took the cashier's check for the obligation, said obligation was discharged," and found that the situation was no different than if Nationstar had received payment in cash and subsequently lost track of the money. Therefore, the court reasoned, Nationstar's claim against Magnum essentially sought to force it to pay twice. The court determined that Nationstar's only recourse was to make a demand against Bank of America, but observed that "[t]he statute of limitations for [Nationstar] to make a claim against Bank of America for the cashier's check has pas[sed]." The superior court therefore granted the motion to dismiss, but allowed Nationstar until April 30, 2018 to file an amended complaint to "address the issues raised by the Motion to Dismiss." In its ruling, the superior court did not address the claim in the third amended complaint against Bank of America.

¶7 Nationstar filed a fourth amended complaint (erroneously labeled as "Amended Complaint") within the time allotted by the court's ruling. This new pleading added new allegations that Magnum's declaration of loss was false and that Bank of America had issued a replacement check to Magnum.[3] Approximately two weeks later, however, the superior court issued a minute entry noting that Nationstar had not filed a response to the second motion to dismiss. The court then referred to its prior ruling on the first motion to dismiss and, on May 10, 2018, dismissed Nationstar's action in its entirety.

¶8 Despite the May 10 dismissal, perhaps recognizing that the court earlier had granted Nationstar leave to amend, Magnum then filed a third motion to dismiss (aimed at the fourth amended complaint), and Bank of America filed its first motion to dismiss. This prompted the superior court to issue a subsequent minute entry, stating that because Nationstar "failed to respond to the Second [M]otion to Dismiss, the Court granted the Second Motion to Dismiss[.] This matter has been dismissed in its entirety. Thus[,] the Third Motion to Dismiss is moot."[4] The superior court later entered a judgment dismissing the matter in its entirety and granting

---

[3] Nationstar's previous complaints attached Magnum's declaration of loss and alleged that Magnum "requested" a refund check, but did not allege that Bank of America gave a replacement check to Magnum.

[4] This order did not mention Bank of America's motion to dismiss.

Magnum its attorneys' fees and costs, totaling $11,226.10.[5]   Nationstar timely appealed.  This Court has jurisdiction over this appeal pursuant to A.R.S. § 12-120.21.

## DISCUSSION

**¶9**        We review *de novo* the dismissal of a complaint pursuant to Arizona Rule of Civil Procedure 12(b).  *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012).  Dismissal is only appropriate if "as a matter of law [ ] plaintiffs would not be entitled to relief under any interpretation of the facts susceptible to proof."  *Id.* at 356, ¶ 8 (quoting *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998)).  "Contract interpretation is a question of law we review de novo."  *Dunn v. FastMed Urgent Care PC*, 245 Ariz. 35, 38, ¶ 10 (App. 2018).  "We are bound to affirm if the superior court was 'correct in its ruling for any reason.'"  *Peterson v. Newton*, 232 Ariz. 593, 595, ¶ 4 (App. 2013) (quoting *Phelps Dodge Corp. v. El Paso Corp.*, 213 Ariz. 400, 404 n. 7, ¶ 17 (App. 2006)).

**¶10**        The superior court did not consider the fourth amended complaint.  Because the court granted Nationstar leave to file the fourth amended complaint, and Nationstar timely filed that complaint, we review whether dismissal was proper based on the factual allegations within that pleading.  For the reasons that follow, we hold that the fourth amended complaint's additional factual allegations were sufficient to state two claims for relief against Magnum.

**¶11**        Nationstar argues that because it never received the money to which it was entitled as ReconTrust's successor in interest, one of the defendants should pay the $57,000.00 that was owed.  Specifically as to Magnum, Nationstar argues that "Magnum may have paid the $57,000.00, but then it took the money back."  In response, Magnum argues that, pursuant to A.R.S. § 47-3310, once the cashier's check was delivered to ReconTrust the debt owed by Magnum was paid and the contract was fully executed.  Further, Magnum asserts (i) its receipt of the refund on the cashier's check cannot give rise to any action, and (ii) the three-year statute of limitations on actions to enforce cashier's checks in A.R.S. § 47-3118 bars any claims.  Bank of America argues that once it refunded the funds to Magnum, it was relieved of any obligations arising from the cashier's check.

---

[5]        We briefly stayed the appeal to allow the superior court to amend its judgment to certify it as final under Arizona Rule of Civil Procedure 54(c).

¶12        Here, we have a debtor (Magnum), an obligated bank (Bank of America), and a successor in interest to a creditor (Nationstar). The debtor purchased a cashier's check and transferred it to the creditor in full payment of an outstanding obligation. This matter requires an analysis of the statutes contained within Arizona's codification of the Uniform Commercial Code ("U.C.C."). The subsection of the U.C.C. relevant to Nationstar's breach of contract claim against Magnum provides:

> Unless otherwise agreed, if a […] cashier's check […] is taken for an obligation, the obligation is discharged to the same extent discharge would result if an amount of money equal to the amount of the instrument were taken in payment of the obligation. Discharge of the obligation does not affect any liability that the obligor may have as an indorser of the instrument.

A.R.S. § 47-3310(A). In other words, delivery of a cashier's check is "the equivalent of payment in cash." *First Nat. Bank of Arizona v. Cont'l Bank*, 138 Ariz. 194, 198 (App. 1983) (citing *Citizens & Southern National Bank v. Youngblood*, 219 S.E.2d 172 (Ga. Ct. App. 1975)). Therefore, once Magnum gave the cashier's check to ReconTrust, Magnum's payment obligation under the settlement agreement was satisfied. We accordingly affirm the superior court's dismissal of Nationstar's breach of contract claim against Magnum. We also affirm the dismissal of Nationstar's conversion claim because the complaint does not allege Magnum exercised "dominion or control over a chattel" owned by Nationstar. *See Miller v. Hehlen*, 209 Ariz. 462, 472, ¶ 34 (App. 2005).

¶13        We also affirm the dismissal of Nationstar's claim against Bank of America, which sought enforcement of a lost cashier's check under A.R.S. § 47-3309. As alleged in the complaint, ReconTrust assigned its rights to enforce the cashier's check to Nationstar and transferred the check to Nationstar, which then lost it. Once the cashier's check was known to be missing, both Nationstar and Magnum asserted rights as claimants under A.R.S. § 47-3312. That provision allows a claimant to receive the amount of the check from the obligated bank so long as more than ninety days have elapsed since the check has been issued and the claimant provides a "declaration of loss." A.R.S. § 47-3312(C). This "declaration of loss" must be a written statement made under penalty of perjury that asserts that:

> (a) The declarer lost possession of a check

(b) The declarer is the […] remitter or payee of the check, in the case of a cashier's check or teller's check.

(c) The loss of possession was not the result of a transfer by the declarer or a lawful seizure.

(d) The declarer cannot reasonably obtain possession of the check because the check was destroyed, its whereabouts cannot be determined or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service or process.

A.R.S. § 47-3312(A)(3).

¶14          Nationstar alleges that the declaration of loss that Bank of America accepted from Magnum was false.  Under A.R.S. § 47-3312(C)(4), however, an obligated bank's "payment to [a] claimant discharges all liability of the obligated bank with respect to the check."  Bank of America refunded the amount of the check to a claimant and thereby relieved itself of all obligations under the cashier's check.  *See* A.R.S. § 47-3312(C)(4).  Even "if the claimant falsely alleges a loss that in fact did not occur, the bank, subject to [exceptions not relevant here], may rely on the declaration of loss."  U.C.C. § 3-312, cmt. 3.[6]  Because Nationstar's only claim against Bank of America sought to enforce the lost cashier's check under § 47-3309 the superior court correctly dismissed the fourth amended complaint as to Bank of America.[7]

---

[6]          "While the comments to the U.C.C. were not adopted by the legislature as comments to the Arizona version of the U.C.C., we look to cases arising under the uniform act and the U.C.C. commentary for guidance because the relevant provisions of the state act mirror the U.C.C." *Koss Corp. v. American Express, Co.*, 233 Ariz. 74, 80, ¶ 17 n. 7 (App. 2013) (citations omitted).

[7]          Although Nationstar also had submitted a declaration of loss, the commentary to U.C.C. § 3-312 (codified as A.R.S. § 47-3312) states that "[a]n indorsee of a [cashier's] check is not covered because the indorsee is not an original party to the check or remitter."  U.C.C. § 3-312, cmt. 2.  An indorsee's remedy is to seek enforcement of the cashier's check under U.C.C. § 3-309 (codified as A.R.S. § 47-3309).  U.C.C. § 3-312, cmt. 2.

**¶15**        This leaves Nationstar's remaining claims against Magnum–unjust enrichment and breach of the implied covenant of good faith and fair dealing.  Magnum argues that because its obligation under the settlement agreement was satisfied when it delivered the cashier's check to ReconTrust, all of Nationstar's claims must fail.[8]  This is incorrect.  As noted in the comments to the U.C.C., while the underlying debt is discharged "any right of recourse on the instrument is preserved."  U.C.C. § 3-310, cmt 2.

**¶16**        Magnum argues that Nationstar's claims are barred by the statute of limitations in A.R.S. § 47-3118(G)(3).   This is incorrect.  Nationstar's causes of action for unjust enrichment and breach of the covenant of good faith and fair dealing did not accrue until Magnum's alleged actions prevented Nationstar from invoking A.R.S. § 47-3309.  *See Gust, Rosenfeld & Henderson v. Prudential Life Ins. Co. of America*, 182 Ariz. 586, 590 (1995) (applying the discovery rule to the accrual of a claim for breach of contract).  Nationstar alleges Magnum reclaimed the funds through a false declaration of loss in August 2017, while this lawsuit was pending before the superior court.  Even if the three-year statute of limitations in A.R.S. § 47-3118(G)(3) was applicable, Nationstar brought its claims before the statute had run.

**¶17**        Magnum correctly describes the status of the law regarding the initial delivery of the cashier's check, but its argument ignores its subsequent actions and the legal significance of the fourth amended complaint's additional allegations regarding the falsity of Magnum's declaration of loss and receipt of the refund.  The complaint alleges that the false declaration of loss Magnum submitted to Bank of America foreclosed Nationstar's ability to enforce the lost cashier's check pursuant to A.R.S. § 47-3309.

**¶18**        Magnum's declaration of loss was attached as an exhibit to Nationstar's fourth amended complaint, and therefore we may consider it in reviewing the dismissal of Nationstar's claims.  *Dunn*, 245 Ariz. at 38-39, ¶ 12.  Magnum's declaration of loss to Bank of America constituted "a warranty of the truth of the statements made in the declaration."  U.C.C. §

---

[8]        Magnum also relies on the commentary to the U.C.C., which states that if an instrument is lost, "the debtor is not obliged to issue a new check." U.C.C. § 3-310, cmt. 4.  However, that comment refers to U.C.C. § 3-310(b)(4), which only involves notes or uncertified checks.  The consequences of taking a cashier's check for an obligation are solely controlled by U.C.C. § 3-310(a) (codified as A.R.S. § 47-3310(a)).

3-312, cmt. 2. In that declaration, Magnum asserted under penalty of perjury that the cashier's check was "lost, stolen, or destroyed" and that its loss of possession of the check "was not the result of a transfer by [Magnum] or a lawful seizure of the item." Under the facts alleged in the complaint, Magnum did not lose the check, nor was the check stolen from it or destroyed while in its possession. Assuming, as we must, that Nationstar had the right to enforce the check, Magnum lost possession of the check by way of its purposeful tender of the check in satisfaction of the settlement agreement, and Magnum's false declaration of loss ultimately prevented Nationstar from enforcing its rights under U.C.C. § 3-309.

**¶19** "An unjust enrichment claim requires proof of five elements: '(1) an enrichment, (2) an impoverishment, (3) a connection between the enrichment and impoverishment, (4) the absence of justification for the enrichment and impoverishment, and (5) the absence of a remedy provided by law.'" *Wang Elec., Inc. v. Smoke Tree Resort, LLC*, 230 Ariz. 314, 318, ¶ 10 (App. 2012) (quoting *Freeman v. Sorchych*, 226 Ariz. 242, 251, ¶ 27 (App. 2011)). Magnum argues that no cause of action for unjust enrichment can be brought when there is "a specific contract which governs the relationship between the parties." *Brooks v. Valley Nat'l Bank*, 113 Ariz. 169, 174 (1976). While Nationstar could not simultaneously recover the same damages under an unjust-enrichment theory and under a contract-based theory, we have made clear that a plaintiff is "entitled to seek equitable relief as an alternative." *Summers v. Gloor*, 239 Ariz. 222, 226, ¶ 17 (App. 2016) (citing *Adelman v. Christy*, 90 F.Supp.2d 1034, 1045-46 (D. Ariz. 2000) (permitting plaintiff to pursue an unjust enrichment claim as an alternative to his breach of contract claim, subject to a single recovery, where he would have no other remedy to recover payment for services rendered if the contract was found invalid)). Accordingly, we examine the fourth amended complaint to determine whether it supports a claim for unjust enrichment.

**¶20** Nationstar has alleged that Magnum obtained $57,000.00, to the detriment of Nationstar, by and through Magnum's false statements in its declaration of loss. Nationstar has also expressly alleged that it "may be without a remedy provided by law." These facts provide a sufficient basis for Nationstar's claim for unjust enrichment, and we vacate the superior court's dismissal of that claim.

**¶21** Nationstar has also alleged sufficient facts to support its claim of breach of the implied covenant of good faith and fair dealing. Arizona law implies a covenant of good faith and fair dealing in every contract. *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund*, 201 Ariz. 474, 490, ¶ 59 (2002). This covenant prohibits the

parties from taking any "act to impair the right of the other to receive the benefits which flow from their agreement or the contractual relationship." *Beaudry v. Ins. Co. of the West*, 203 Ariz. 86, 91, ¶ 18 (App. 2002). "A party breaches the covenant 'by exercising express discretion in a way inconsistent with a party's reasonable expectations and by acting in ways not expressly excluded by the contract's terms but which nevertheless bear adversely on the party's reasonably expected benefits of the bargain.'" *Keg Restaurants Arizona, Inc. v. Jones*, 240 Ariz. 64, 77, ¶ 45 (App. 2016) (quoting *Bike Fashion Corp v. Kramer*, 202 Ariz. 420, 424, ¶ 14 (App. 2002)).

**¶22**　　　　Under the facts contained in the fourth amended complaint, Magnum denied Nationstar the benefit of its bargain. Magnum argues that because it satisfied its express obligations under the contract, the covenant of good faith and fair dealing cannot apply. This ignores the fact that the duty of good faith "extends beyond the written words of the contract." *Wells Fargo Bank*, 201 Ariz. at 491, ¶ 63. Nationstar alleges that Magnum wrongfully acted to prevent Nationstar from receiving the funds it was entitled to under the contract. The passage of time and the original transfer of the cashier's check as a cash equivalent are irrelevant. If Magnum had paid in cash and later reclaimed that money through wrongful acts, the results would be the same. A contracting party may not take any wrongful action to deprive the other party of the benefits of the contract. We, therefore, vacate the superior court's dismissal of Nationstar's claim for breach of the covenant of good faith and fair dealing.

## CONCLUSION

**¶23**　　　　For the foregoing reasons, we hold that Nationstar's fourth amended complaint contains sufficient factual allegations to state claims for unjust enrichment and breach of the covenant of good faith and fair dealing. We therefore vacate the superior court's dismissal of those claims against Magnum. Because we vacate the dismissal of these claims, we also vacate the superior court's award of Magnum's attorney's fees and deny Magnum's request for attorney's fees on appeal under A.R.S. §§ 12-341.01, -342, and -348. The judgment is affirmed in all other respects.



AMY M. WOOD • Clerk of the Court
FILED:　AA